(94 South. 67)

### ERSWELL et al. v. FORD.
### (6 Div. 597, 597A.)

(Supreme Court of Alabama. June 1, 1922. Rehearing Denied June 30, 1922.)

1. **Frauds, statute of ⚖129(1)—Objection to contract as obnoxious to statute of frauds because not expressing consideration eliminated where performance and benefits accepted alleged.**

An objection that a written contract on which suit for commissions is based is obnoxious to the statute of frauds because not expressing the consideration moving to party to be charged is eliminated, where complainant avers his performance and defendant's acceptance of benefits.

2. **Brokers ⚖82(1)—Averments held sufficient for recovery of commissions.**

Averments that broker's efforts under his retainer by a vendor brought the latter and a purchaser together, resulting in a sale of vendor's realty, that a contract of sale has been consummated, and that vendor and purchaser are engaged in concerted effort, by withholding the papers from record, to keep complainant in ignorance of the sale and its terms, which the purchaser in possession might safely do, is sufficient for recovery of commissions on the agreed purchase money.

3. **Discovery ⚖19—Complainant averring material facts on information and belief may have discovery.**

Complainant, averring material facts on information and belief, though verifying his bill, may have a discovery where it appears he will be unable to give competent testimony to the facts averred.

4. **Discovery ⚖1—Equity jurisdiction as to discovery not affected by statute for examination of parties as witnesses, etc., in proceedings at law.**

Jurisdiction of equity to compel discovery is not affected by the statute authorizing examination of parties and production of books and papers in proceedings at law.

5. **Conspiracy ⚖8—Action for conspiring to cause another to breach his contract.**

An action for conspiring with another to cause the latter to breach his contract with complainant cannot be maintained.

6. **Brokers ⚖77—No lien for commissions on a sale against balance of purchase price in hands of purchaser.**

On a sale procured by a broker, there is no equitable or common-law lien for commissions on the balance of the purchase price in the hands of the purchaser.

Appeal and Cross-Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by C. W. Ford against Catherine Erswell and Louis Pizitz, to recover commissions for sale of real estate and for discovery. From a decree overruling demurrer of Erswell and sustaining demurrer of Pizitz, respondent Erswell and complainant Ford each appeals. Affirmed on both appeals.

The bill as originally filed alleges that respondent Erswell owned certain property in the city of Birmingham, to handle and manage which complainant was employed under the following instrument set out in the bill:

"Birmingham, Alabama, September 5, 1910.

"Mr. C. W. Ford, % A. A. Adams & Co., Birmingham, Alabama—Dear Sir: I hereby give you the exclusive right to handle the sale and rental of my Birmingham property being situated at 909 South 21st street, and Nos. 112 to 116 No. Nineteenth street in Birmingham, Alabama.

"Yours very truly, Mrs. E. Erswell."

It is further averred that thereafter complainant leased the property to Pizitz for a term of years from July 6, 1914, to December 31, 1922; that thereafter complainant induced Pizitz to make an offer for the purchase of the property for $175,000, but that Pizitz began negotiations through other sources culminating in a sale of the property by Erswell to Pizitz for the sum, averred on information and belief, of $170,000, which sale was the result of complainant's efforts that the papers executed in said transaction between Erswell and Pizitz are withheld, and that a discovery is necessary to ascertain the exact nature of said transaction; that Erswell is about to dispose of all her property and to remove to a foreign country. The prayer is for discovery, injunction to restrain Pizitz from paying the balance due Erswell, and decree for the

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

amount due complainant. From a decree overruling demurrers to the original bill, respondents appealed, and said decree was reversed by the Supreme Court. 205 Ala. 494, 88 South. 429.

Following reversal complainant amended his bill by averring that respondent Erswell had extended his time for the exclusive handling of the property in question by an instrument set out in the bill as follows:

"Birmingham, Ala., March 1, 1916.

"Mr. C. W. Ford, Birmingham, Ala.—Dear Sir: From this date and until December 31, 1922, I appoint you my agent, and give you the exclusive right to handle all my rentals and sales on a commission basis of two and one-half per cent. (2½%) on my Birmingham property, being situated and known as No. 112, No. 114, No. 116, North 19th street, Birmingham, Alabama, and also give you the right to place all the insurance carried on the above mentioned property for time stipulated above, same to be placed in good and reliable companies, represented by your agency, or placed by you in like companies represented by other agencies as you may have occasion to see fit.

"Yours very truly,    Catherine Erswell."

The amended bill further avers that complainant induced Pizitz to make an offer for the property of $175,000, which offer was accepted by Erswell; that thereafter Erswell and Pizitz effected a sale of the property to Pizitz; and that Pizitz conspired with Erswell to defeat complainant's right to commission and aided or induced Erswell to breach her contract with complainant.

By amendment complainant prays that an equitable lien be declared in his favor upon the balance of the purchase price due from Pizitz to Erswell.

To the bill as amended, the respondents separately demurred. The decree overruled the demurrer of Erswell, and sustained that of Pizitz; whereupon respondent Erswell and the complainant appeal.

Leader & Ullman and David R. Solomon, all of Birmingham, for Erswell.

The only source of equitable jurisdiction in complainant's bill is in his demand for discovery. 205 Ala. 494, 88 South. 429; 93 Ala. 542, 9 South. 256; 167 Ala. 557, 52 South. 751; 143 Ala. 579, 42 South. 114. The acts alleged by complainant to have been done by or with himself, together with documents alleged to be in his possession, make out a case, without discovery from respondent. 202 Ala. 625, 81 South. 567; 177 Ala. 654, 59 South. 286; 200 Ala. 243, 76 South. 9; 138 Ala. 644, 35 South. 645; 185 Ala. 53, 64 South. 572; 201 Ala. 150, 77 South. 574; 18 C. J. 1068; 6 Encyc. Pl. & Pr. 768. A void contract will not be enforced; complainant's contract is void. 109 Ala. 179, 19 South. 428; 71 Ala. 452; 191 Ala. 349, 67 South. 600; Code 1907, § 4289.

Arthur L. Brown, of Birmingham, for Ford.

The complaint shows a right of discovery. 93 Ala. 542, 9 South. 256; 150 Ala. 602, 43 South. 805, 9 L. R. A. (N. S.) 1255; 84 Ala. 600, 4 South. 725; 167 Ala. 557, 52 South. 751, 205 Ala. 494, 88 South. 429. Pizitz, having induced Erswell to break the contract with complainant, is liable to complainant. 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914; 50 W. Va. 611, 40 S. E. 591, 56 L. R. A. 804, 88 Am. St. Rep. 895; 151 U. S. 1, 14 Sup. Ct. 240, 38 L. Ed. 55; 23 Fla. 206, 1 South. 934, 11 Am. St. Rep. 367; 66 N. Y. 82, 23 Am. Rep. 30.

SAYRE, J. The nature of this cause was stated on a former appeal. 205 Ala. 494, 88 South. 429. After its return to the trial court the bill was amended by setting out in hæc verba the letter from Mrs. Erswell to Ford by which the latter was given an exclusive right "until December 31st, 1922 * * * to handle all my [Mrs. Erswell's] rentals and sales on a commission basis of two and one-half per cent. (2½%) on my Birmingham property, being situated and known as No. 112, No. 114, No. 116, North 19th street, Birmingham, Alabama," thus eliminating the objection to the bill mainly discussed in the opinion on former appeal.

[1] Here we briefly note also our opinion that the bill shows a case to which the statute of frauds has no application. It is urged that the contract, though in writing, was not to be performed within one year from the making thereof, and was obnoxious to the statute for the reason that it failed to express the consideration moving to the party to be charged; but it is not considered that this objection needs elaborate treatment, for, should it be conceded that the agreement did not sufficiently disclose the fact that complainant Ford was to receive compensation at the stipulated rate for "handling" defendant's property—a conclusion we would be loath to make (Troy Co. v. Logan, 96 Ala. 619, 12 South. 712)—still it is averred that complainant has fully performed the agreement on his part and defendant has accepted the benefit of his performance, and this suffices to eliminate the objection taken on account of the statute (Sayre v. Wilson, 86 Ala. 151, 5 South. 157).

[2-4] The bill seeks discovery and relief, but its equity depends upon the case it makes for discovery in aid of the relief sought. Objections may be epitomized in the proposition that complainant needs no discovery because his bill shows that he knows everything necessary to the establishment of the judgment he seeks against defendant Erswell. The bill avers, in substance, that complainant's efforts under his retainer have resulted in bringing Erswell and Pizitz into negotiation for the sale and

purchase of the respondent's property described in the bill; that a contract of sale has been consummated; and that the parties thereto, Erswell and Pizitz, are engaged in a concerted effort, by withholding the papers from the public records—which Pizitz might safely do, since he is in possession—and otherwise, to keep complainant in ignorance of the fact of the sale, its conditions, and the amount of the agreed purchase money. On the averments of the bill complainant is entitled to commissions on the agreed purchase money. Smith v. Sharpe, 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52. The bill as last amended is verified by complainant's affidavit, but this affidavit, in connection with the averments of the bill, falls short of showing that complainant is in a position to make good his relief without the aid of the court in compelling a discovery, for facts essential to the recovery of judgment are averred on information and belief. Evidently, complainant will be unable to give competent testimony as to the facts averred. It thus satisfactorily appears that the facts sought to be discovered are of a material character, that the discovery prayed is indispensable to justice, and this is all that is required to justify the intervention of the court of equity, as auxiliary to proper relief. Handley v. Heflin, 84 Ala. 600, 4 South. 725; 1 Pom. Eq. Jur. (4th Ed.) § 191. Nor is the jurisdiction to compel discovery in the circumstances here disclosed affected by statutory provisions authorizing the examination of parties as witnesses and the production of books and papers in proceedings at law. Nixon v. Clear Creek Lumber Co., 150 Ala. 602, 43 South. 805, 9 L. R. A. (N. S.) 1255; Handley v. Heflin, supra.

[5] There is a cross-appeal in which complainant assigns for error so much of the decree as sustained the demurrer of Pizitz. The presence of this defendant is somewhat vaguely—as it seems to us—justified in the brief on two grounds: (1) That this defendant, having fraudulently conspired with Erswell to cause a breach of the latter's contract with complainant, is himself answerable for the consequences of the breach; and (2) in the circumstances stated complainant has an equitable lien on any balance of the purchase price of the lots remaining in the hands of Pizitz, and, since it is averred that Erswell is about to leave the country and take up her residence in foreign parts, equity ought to intervene to preserve the rights of complainant.

1. As to the first proposition, we approve the following statement of the rule:

"An action cannot in general be maintained for inducing a third person to break his contract with the plaintiff; the consequence after all being only a broken contract for which the party to the contract may have his remedy by suing upon it." Sleeper v. Baker, 22 N. D. 386, 134 N. W. 716, 39 L. R. A. (N. S.) 864, Ann. Cas. 1914B, 1189, where the foregoing statement of the rule is adopted after a review of the cases.

This question is well discussed also in Chambers v. Baldwin, 91 Ky. 121, 15 S. W. 57, 11 L. R. A. 545, 34 Am. St. Rep. 165, where two exceptions are noted: (1) One was provided by the English Statute of Laborers, applying to cases in which servants were enticed to leave their employment, a substantial counterpart of which is found in our statute (sections 6849 and 6850 of the Code); (2) the other arises in cases where a party has been procured against his will or contrary to his purpose, by coercion or fraud, to break his contract with another. This, in effect, is the rule announced in U. S. Fidelity Co. v. Millonas, 206 Ala. 147, 89 South. 732, and, we apprehend, is the rule adopted by the Court of Appeals in McCluskey v. Steele, 18 Ala. App. 31, 88 South. 367, where quite a number of the adjudications on this subject are cited.

[6] 2. As to the the second main proposition stated above, we are unable to find any element of trust. Certainly no specific fund has been set apart by contract to be held, assigned, or transferred as security for the obligation incurred by the defendant Pizitz, and the same consideration requires the rejection of the notion of an equitable lien; there is no charge created upon any specific thing or fund in possession of Pizitz by means of which the personal obligation of defendant Erswell arising from her contracts with complainant may be enforced in equity, but only a mere general liability enforceable by pecuniary judgment in favor of complainant. Obviously, we may add, though we do not understand that there is any contention as to this, there is no common-law lien, "which is simply a right to retain possession of the chattel until some debt or demand due to the person thus retaining is satisfied; and possession is such an inseparable element that, if it be voluntarily surrendered by the creditor, the lien is at once extinguished." 3 Pom. Eq. Jur. (4th Ed.) §§ 1233, 1234.

We conclude that the decree rendered by the circuit court in equity is in all respects correct.

Affirmed on both appeals.

ANDERSON, C. J., and GARDNER ar MILLER, JJ., concur.