(100 South. 96)

**ERSWELL v. FORD. (6 Div. 981.)**

(Supreme Court of Alabama. April 10, 1924. Rehearing Denied May 15, 1924.)

**1. Vendor and purchaser ⊚⟲3(4)—Contracts held agreements to convey lands, and not options.**

Contracts granting options to purchase realty for stated sum by certain date, with provisions for cancellation by failure to pay additional sum for option after approval of title or amount of mortgage when due, or to exercise right, and for crediting amounts paid on purchase price and execution of deed after conditions were met, *held* agreements to convey lands, not mere options.

**2. Brokers ⊚⟲78—Bill for commissions held not prematurely filed.**

Bill to recover commissions for sale of realty, which defendant, in violation of exclusive agency contract with plaintiff, agreed to convey to another by contract, executed September 10, 1919, and expiring only few days after contract with plaintiff, *held* not prematurely filed on September 18, 1919.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill in equity by C. W. Ford against Catherine Erswell and others, to recover commissions for the sale of real estate and for discovery. From a decree for complainant against respondent Erswell, she appeals. Affirmed.

Exhibited with the answer of the respondent appellant is an instrument dated September 10, 1919, granting and conveying to Louis Pizitz Dry Goods Company for a recited consideration in cash of $10,000, an option to purchase the property involved in the suit for $170,000, on or before January 23, 1923. It is provided that the second party shall have ten days within which to approve title, and if approved shall pay an additional sum of $10,000 for the option granted. Further, that the second party shall pay when it matures a mortgage on the property for $45,000 due September 1, 1920, as a further consideration of the option, or, if the second party elects to exercise the option before maturity of the mortgage shall at that time pay the mortgage. It is provided that failure to pay either the sum of $10,000 after approval of title or the amount of the mortgage when due, or failure to exercise the right, cancels the option; but that if these conditions are met and the second party exercises the option, the amounts so paid, with interest, shall be credited upon the purchase price.

Another instrument exhibited with respondent's answer, dated September 27, 1919, recites that, for a consideration $20,000, the respondent and others grant and convey to Louis Pizitz Dry Goods Company the right and option to purchase the property in question on or before January 3, 1923, at the price of $170,000; it recites that the second party has examined and approved an abstract of the title, with a stated exception; and sets forth like conditions as set forth in the prior instrument, providing for execution of a deed by respondent appellant, or, in event of her death, by the other parties joining in the execution of the instrument.

Leader & Ullman, of Birmingham, for appellant.

Where discovery and relief are sought as to matters of purely legal cognizance, it must be shown that the facts sought to be discovered cannot otherwise be established. Shackelford v. Bankhead, 72 Ala. 479; Tyson v. Weber, 81 Ala. 474, 2 South. 901; Va. & Ala. Mining & Mfg. Co. v. Hale & Co., 93 Ala. 546, 9 South. 256; Wolfe v. Underwood, 96 Ala. 332, 11 South. 344; Wood v. Hudson, 96 Ala. 471, 11 South. 530; Pollak v. H. B. Claflin Co., 138 Ala. 650, 35 South. 647. A real estate agent or broker forfeits his rights to commission, if he does not deal with his principal in the utmost good faith. Story's Eq. Jur. (Redfield Ed.) §§ 310, 315; Kitchen v. Rayburn, 19 Wall. (86 U.

---

⊚⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

S.) 254; 22 L. Ed. 64. Complainant is not entitled to relief, because his action was prematurely commenced. 1 C. J. 115; Coalter v. Bell, 2 Stew. & P. 358; Giles v. Wilmott, 59 Fla. 271, 52 South. 287; Rainey v. Long, 9 Ala. 754; Am. Bonding & Trust Co. v. Gibson County, 145 Fed. 871, 76 C. C. A. 155, 7 Ann. Cas. 522; Humphries v. Smith, 5 Ga. App. 340, 63 S. E. 248; Burrow v. Clifton, 186 Ala. 297, 65 South. 58.

Arthur L. Brown, of Birmingham, for appellee.

The complaint shows a right of discovery. Erswell v. Ford, 205 Ala. 494, 88 South, 429; Erswell v. Ford, 208 Ala. 101, 94 South. 67; Va. & Ala. Min. & Mfg. Co. v. Hale, 93 Ala. 542, 9 South. 256; Nixon v. Clear Creek Lbr. Co., 150 Ala. 602, 43 South. 805, 9, L. R. A. (N. S.) 1255; Handley v. Heflin, 84 Ala. 600, 4 South. 725; Sloss Co. v. Maryland Cas. Co., 167 Ala. 557, 52 South. 751; Story's Eq. Pl. 461; Hurricane Tel. Co. v. Mohler, 51 W. Va. 1, 41 S. E. 421; 18 C. J. 1062; Carmichael v. Pond, 190 Ala. 494, 67 South. 384; Rosenan v. Powell, 173 Ala. 123, 55 South. 789; Gulf Compress Co. v. Jones Cotton Co., 157 Ala. 32, 47 South. 251; Goodall-Brown & Co. v. Ray, 168 Ala. 350, 53 South. 137.

THOMAS, J. Former appeals are reported in 205 Ala. 494, 497, 88 South. 429, and 208 Ala. 101, 103, 94 South. 67.

The necessity for discovery and accounting has been settled on these appeals—that a discovery in equity was required as an incident to other relief. The essentials of a bill for accounting are given statement by many authorities in this jurisdiction (Julian v. Woolbert, 202 Ala. 530, 532, 81 South. 32; Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 South. 186; Averyt Drug Co. v. Ely-Robertson-Barlow Drug Co., 194 Ala. 507, 69 South. 931; Henry v. Ide, 209 Ala. 367, 371 [4, 5], 96 South. 698; Erswell v. Ford, 208 Ala. 101, 103, 94 South. 67), and are in accord with the general rule prevailing as to such matters in a court of equity. 1 Pom. Eq. Jur. (4th Ed.) § 191. After a re-examination of the subject and authorities cited we have no desire to depart from the former rulings.

[1] The court below heard all of the evidence in open court, had before it the witnesses, observed their demeanor upon the stand, and heard their testimony ore tenus. To such a hearing the rule announced in Hackett v. Cash, 196 Ala. 403, 72 South. 52, has been applied in courts of equity. Andrews v. Grey, 199 Ala. 152, 74 South. 62; Ray v. Watkins, 203 Ala. 683, 85 South. 25; McSwean's Case, 204 Ala. 663, 86 South. 646; Brassell v. Brassell, 205 Ala. 201, 87 South. 347; Hodge v. Joy, 207 La. 198, 92 South. 171. However, we have carefully examined this evidence on which the final decree is rested, and are convinced that the decree is correct. When the provisions contained in the contract, coupled with an interest in præsenti, subject to be defeated by conditions contained therein, dated September 10, 1919, to expire January 3, 1923, and the contract, coupled with an interest in præsenti, subject to be defeated by conditions therein contained, dated September 27, 1919, to expire January 3, 1923, are considered, they were agreements for or to convey lands, and were not mere options. Lauderdale Power Co. v. Perry, 202 Ala. 394, 80 South. 476; Bethea v. McCullough, 195 Ala. 480, 70 South. 680. These lands were, however, subject to the terms of the writing given by Mrs. Catherine Erswell to C. W. Ford of date March 1, 1916, in words and figures as follows:

"From this date and until December 31, 1922, I appoint you my agent, and give you the exclusive right to handle all my rentals and sales on a commission basis of 2½ per cent. on my Birmingham property, being situated and known as 112, 114 and 116 North 19th street, Birmingham, Ala.; and also give you the right to place all the insurance carried on the above mentioned property for time stipulated above, same to be placed in good and reliable companies represented by other agencies as you may have occasion or see fit."

[2] It is to be noted that this contract to convey (subject to be defeated by conditions) was made to expire only a few days after the contract Mrs. Erswell had theretofore made with Ford. Looking to the substance rather than the form, as should have been done in the decree, the trial court held that the bill was not prematurely filed on September 18, 1919. And such was the fact. When the contract of September 10, 1919, was entered into the breach of contract existed. That such was the real intention of the parties is shown by the provisions of Exhibits A, B, and C, and the indemnity required by Mrs. Erswell of date September 27, 1919, executed in triplicate, and by evidence to be found in this record tending to show an effort to divide commissions with Ford, and lastly to avoid the payment thereof.

It will conserve no good purpose to further discuss the evidence in detail. We are satisfied that the law and justice of the case has been carried into the decree, and the just rule announced in Hackett v. Cash, supra, and made to apply in chancery in Ray v. Watkins, supra, will be applied here.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.