27 So.2d 626

**GADSDEN HOMES, Inc., v. ALABAMA FINANCERY.**

6 Div. 455.

Supreme Court of Alabama.

Oct. 10, 1946.

Rehearing Denied Nov. 7, 1946.

Bainbridge & Mims and Chas. W. Greer, all of Birmingham, for appellant.

Irvine C. Porter, of Birmingham, for appellee.

BROWN, Justice.

Appellee on the 24th of April, 1945, entered into a contract with W. T. Ratliff, granting to Ratliff or his nominee, "The right and option to purchase on the terms herein stated, the equity of the undersigned in the 47 houses and lots on which the same are located in Broadview Subdivision, as recorded in Plat Book 'C,' page 371, in the Office of the Probate Judge of Etowah County, Alabama." The contract in the form of a letter addressed to Ratliff stipulates:

"You are hereby given the option to purchase the equity of the undersigned ·in said properties as of May 1st, 1945, for the total consideration of $20,000.00, payable as follows: $1,000.00 is paid in cash, the receipt of which is hereby acknowledged, and the balance shall be paid in monthly installments of not less than $1,000.00 per month commencing as of June 10th, 1945, and on the 10th day of each month thereafter until the balance of the purchase price is paid in full. For each $500.00 hereafter paid, the undersigned will convey·to you or your nominee, the equity of the undersigned in any one of said houses selected by you or your nominee. The undersigned will convey each property to you or your nominee free from any and all liens and encumbrances excepting ad valorem taxes and the balance due on mortgage held by Brown-Service Insurance Company, Inc., on each property in the amount of approximately $3850.00. If any agreements or contracts of the undersigned with the FHA, OPA or WPB are applicable to said properties or the sale or leasing thereof and are binding upon the undersigned and its assigns or upon said property, you are to take the same subject thereto. It is understood that you will also accept title to said property subject to existing leases. Upon the payment of said sum of $20,000.-00, the undersigned will convey to you the remainder of said 47 houses and lots subject to existing leases, ad valorem taxes and the balance due on the mortgages executed to Brown-Service Insurance Company, Inc.

"In lieu of $500.00 cash for the conveyance of the equity of the undersigned in any of said houses, the undersigned will accept your promissory note or the promissory note of your nominee for $500.00, bearing interest at the rate of 6% per annum from date, payable at not less than $20.00 per month, each monthly payment to include principal and interest, said promissory note to be secured by a purchase money mortgage covering the house conveyed by the undersigned in which the equity of the mortgagee therein shall be not less than $666.00 payable at not less than $20.00 per month. ·

"Upon the conveyance to you of any of said houses, the undersigned will transfer and assign to you or your nominee, sums deposited with the Brown Service Insurance Company, Inc. * * *."

Prior to the filing of the bill, construing the allegations most strongly against the pleader, the defendant had conveyed to Ratliff or his nominee six of said lots, in consideration of the cash payment made in pursuance of the contract and payments by notes thereafter executed during the months of June, July and August, 1945, leaving in the defendant the equity in the remaining 41 lots, the legal title to which was covered by the FHA mortgage held by Brown-Service Insurance Company, Inc.

As to conveyances so made, there is no controversy here between the parties.

The bill as a basis for specific performance as to the 41 remaining lots or units alleges: "Complainant further avers that, during the month of September, 1945, and while the terms of aforesaid contract were in full force and effect, complainant, in accordance with the terms of said contract, did make and execute thirty-two (32) collateral promissory notes, each in the sum of Five Hundred Dollars ($500.00), each bearing six per cent (6%) interest from date and each payable to the order of respondent  Complainant further avers that each collateral note was secured by a real estate mortgage executed by the Broadview Development Company to complainant on to-wit, the 15th day of September, 1945, each in the principal sum of not less than Four Thousand, Seven Hundred Dollars ($4,700.00) evidenced by a promissory note executed by said Broadview Development Company to the order of complainant contemporaneously with the execution of the real estate mortgage securing same.  Complainant further avers that each of the aforesaid real estate mortgage notes were payable in installments of not less than Twenty Dollars ($20.00) per month; and were endorsed without recourse by complainant to the order of respondent.  Complainant further avers that complainant further executed a good and sufficient transfer of each of said real estate mortgages to respondent and that the said real estate mortgages described and covered the following described real estate lying and situated in the City of Gadsden, Etowah County Alabama, to-wit:  (describing the property.)"  .

Complainant tendered to the defendant said collateral notes described in paragraph five and the notes and mortgage executed by the Broadview Development Company to the defendant on the 15th of September, 1945, and demanded "from respondent a conveyance of the parcel of real estate remaining to be conveyed by respondent to complainant under the terms of and in accordance with the contract." Defendant refused this demand. Complainant alleged that for a valuable consideration said contract was assigned to it by Ratliff on the 20th day of June, 1945, and as such assignee it filed the bill seeking to compel the defendant to convey in accordance with its demand said remaining 41 lots. The complainant offers to do equity and prays for general relief.

The defendant demurred to the bill for want of equity and on numerous and sundry specific grounds, taking the points that the contract was indefinite in its provisions and unenforceable; that said contract is not assignable; that the notes and mortgages tendered were different from those provided for in the contract; that neither the complainant nor the Broadview Development Company were the nominees of Ratliff, and so far as appears said Broadview Development Company had no interest or equity in said property.

The demurrers were overruled, hence this appeal.

■ The demurrers do not point out specifically in what respect the contract is indefinite and while it must be conceded, taking the averments most strongly against the pleader, the description of the houses and lots is not certain, nevertheless, it may be that the 47 lots in plat C, on page 371, were all the property in said plat in which defendant had an equity, and that, by appropriate amendment, the description may be made certain. East v. Karter, 215 Ala. 375, 110 So. 610.

■ It is well settled that a contract to sell and convey land, or an option, if not specifically prohibited in the contract, is subject to assignment and the assignee may compel specific performance. 25 R.C. L. 328, § 146; Davis v. Williams et al., 121 Ala. 542, 25 So. 704; Erswell v. Ford, 211 Ala. 242, 100 So. 96.

■ The option contract provides for a conveyance of the equity of the defendant in said several units, two units to be conveyed to Ratliff or his nominee for each cash payment of $1,000, and the total cash consideration to be so paid is stated to be $20,000.  The alternative provision provides that in lieu of $500 cash for the con-

382

veyance of the equity of the defendant in each of said houses, it will accept the promissory note of contractee or his nominee, "for $500.00 bearing interest at the rate of six percent from date payable at not less than $20.00 per month each monthly payment to include principal and interest. Said promissory note *to be secured by a purchase money mortgage covering the house conveyed by the undersigned in which the equity of the mortgagees therein shall be not less than $666.00 payable at not less than $20.00 per month."* This provision in the contract clearly contemplates that a person to be a "nominee" must be a purchaser of one or more of said units who has acquired an equity in each unit of the value of $666. The notes tendered were collateral notes executed by the complainant, who does not appear to have become a purchaser of any one of said units, or to have acquired such interest in each such unit. Nor does it appear from the allegations of the bill that the Broadview Development Company qualifies as such nominee. Moreover the tender and the demand made was for a conveyance of the entire title to the 41 lots, the legal title to which is not in the defendant. This appears from the fact that each of the notes and the mortgage executed by the Broadview Development Company was in the sum of $4700, designed not only to cover the defendant's equity, but the encumbrance of the mortgage. The defendant contracted to convey only an equity and the complainant's tender and demand was not within the terms of the contract. Asbury et al. v. Cochran, 243 Ala. 281, 9 So.2d 887.

Some of the specific grounds of demurrer were well taken, among others, 14, 15, 16, 18, 19, 22, 51, 53 and 56.

The decree of the circuit court is, therefore, reversed, and one here rendered sustaining the demurrer; and the cause is remanded, with leave to the complainant to amend its bill within twenty days from the filing of the mandate issued by the clerk of this court with the register of the circuit court in equity, as it may be advised.

Reversed, rendered and remanded.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.