CRAWLEY, Judge.
In January 1997, WBT, L.L.C., an Alabama Limited Liability Company (the “seller”), sued A.B./Wildwood Limited Partnership (the “purchaser”), alleging breach of a land-sales contract and requesting damages and specific performance. The seller and the purchaser each filed a motion for summary judgment. The seller also filed a motion to amend its complaint, but before the trial court ruled on the motion, it granted the purchaser’s motion for summary judgment and denied the seller’s motion for summary judgment. The seller appealed to the supreme court, which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
Jeff 0. Wise, Joan C. Wise, D. Lloyd Bowers, and Carolyn M. Bowers (the “original property owners”) owned a parcel of real property adjacent to the Wild-wood Shopping Center in Birmingham. Jeff and Joan Wise are husband and wife, and Lloyd and Carolyn Bowers are husband and wife. The original property owners entered into negotiations with Ron Carlson, the general partner of the purchaser, which owns the shopping center, to sell their property to the purchaser. The record contains a copy of a standard land-sales contract (the “sales contract”), which provided blanks for the purchase price. It is signed by Carlson and by all the original property owners except Joan C. Wise; and it is dated January 1996. The sales contract contains several insertions and deletions regarding the price per square foot and the total purchase price of the property. These changes were initialed by Carlson and by Lloyd Bowers, one of the original property owners. The original property owners subsequently deeded their interest in the property to the seller in March 1996. The seller is owned by two of the original property owners (namely Jeff Wise and Lloyd Bowers) and Edward Taylor.
The seller first argues that the trial court erred by not granting its motion to amend its complaint to add fraud claims. The grant or denial of a motion to amend a *781 pleading is within the discretion of the trial court. Hayes v. Payne, 523 So.2d 333 (Ala.1987); McElhaney v. McKeehan Hosiery Mills, Inc., 628 So.2d 925 (Ala.Civ. App.1993). Rule 15(a), Ala. R. Civ. P., provides:
“[A] party may amend a pleading without leave of court ... at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause.”
The seller filed its motion to amend after it and the purchaser had each filed their motions for summary judgment and the case had been set for trial. The Committee Comments to Rule 15(a) (upon the August 1, 1992, amendment) state that the rule “anticipates that such an amendment will not be allowed as a matter of course.” The seller argues that the fraud claims arise from the facts already alleged and that allowing the amendment would not prejudice the purchaser, and, therefore, that the amendment should have been allowed. The seller filed the motion to amend more than one year after it had filed its complaint. Our supreme court has held that “undue delay in filing an amendment, when it could have been filed earlier based on the information available or discoverable, is in itself ground for denying an amendment.” Puckett, Taul & Underwood, Inc. v. Schreiber Corp., Inc., 551 So.2d 979, 984 (Ala.1989) (citing Stallings v. Angelica Uniform Co., 388 So.2d 942, 947 (Ala.1980)). We conclude that the trial court did not abuse its discretion by denying the motion to amend.
The seller next argues that the trial court erred by entering the summary judgment for the purchaser. In its summary judgment motion, the purchaser argued that the deed conveying the property to the seller did not assign the right to enforce a contract against the purchaser to compel the purchaser to purchase the property, and that no valid sales contract existed. The trial court stated in its order entering the summary judgment for the purchaser that the deed did assign any right the original owners had to enforce the contract, but that the sales contract was invalid.
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of the substantial-evidence rule in the summary-judgment context.
We first address whether the contract is valid. The trial court determined that the sales contract was invalid because it did not state a certain purchase price and thereby violated the Statute of Frauds and that it lacked mutuality.
The trial court stated that it was unable to determine the purchase price from the face of the document, because of the numerous insertions and deletions; therefore, the trial court concluded that the sales contract was invalid for having an uncertain purchase price. We conclude that the sales contract had a certain purchase price — $418,318, a figure that was not deleted by any of the parties. This purchase price is equal to the price per square foot, $9.00, multiplied by the number of square feet, 46,479.8, less 20 cents. The only omission as to the purchase price is that the parties did not subtract the $5,000 earnest money amount from the $418,318 purchase price. Therefore, the trial court erred by concluding that the *782 sales contract had an uncertain purchase price.
It is undisputed that Joan Wise, one of the original property owners, did not sign the sales contract. The trial court concluded that the absence of Joan Wise’s signature voids the sales contract because it means the contract did not comply with the Statute of Frauds. We disagree. Alabama’s Statute of Frauds, § 8-9-2, Ala. Code 1975, states:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
[[Image here]]
“(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller.”
The supreme court has interpreted Alabama’s Statute of Frauds as requiring only the signature of the party against whom the contract is sought to be enforced. Anselmo Meat Co. v. Riley, 533 So.2d 552 (Ala.1988); Moss v. Cogle, 267 Ala. 208, 101 So.2d 314 (1958). Carlson, as the authorized agent for the purchaser, signed the sales contract. The purchaser cannot argue that the lack of Joan Wise’s signature voids the sales contract, when its own agent signed the sales contract. Id. Because we have concluded that the sales contract does not violate the Statute of Frauds, we pretermit discussion of the seller’s argument that the purchaser is estopped from arguing that the sales contract violated the Statute of Frauds.
The trial court also concluded that the lack of Joan Wise’s signature voids the sales contract, for lack of mutuality of remedy and obligation. We disagree. Our supreme court has stated:
“A contract, lacking mutuality, is unenforceable, because there is an absence of consideration, moving from one party to the other, Hill v. Rice, 259 Ala. 587, 67 So.2d 789 (1953), but when the promise of each party is legally sufficient consideration for the other’s promise, there is no lack of mutuality, Lindner v. Mid-Continent Petroleum Corp., 221 Ark. 241, 252 S.W.2d 631 [ (1952) ].”
Marcrum v. Embry, 291 Ala. 400, 403, 282 So.2d 49, 51 (1973).
The seller concedes that it is obligated to perform the sales contract, i.e., to sell the property to the purchaser, and that if it breaches any provision of the sales contract then the purchaser is entitled to enforce the appropriate damages and remedies provisions of the sales contract. The purchaser, as well as the seller, is bound by the sales contract, i.e., it is bound to purchase the property, and the seller is entitled to enforce the appropriate damages and remedies provisions upon the purchaser’s breach. Because each promise is consideration for the other promise, the sales contract is not void for lack of mutuality. Id.
If a trial court enters a summary judgment for a wrong reason, but a proper reason supports the summary judgment, then we will affirm it. MacLean v. Moon, 567 So.2d 349 (Ala.Civ.App.1990). Therefore, we will address the issue whether the deed conveying the property from the original property owners to the seller assigned the right to enforce the sales contract against the purchaser. The purchaser argued to the trial court that *783 the conveyance did not assign to the seller the right to enforce the sales contract; however, the trial court concluded that the conveyance assigned to the seller the right to enforce the sales contract.
Our supreme court has held:
“It is well settled that a contract to sell and convey land, or an option, if not specifically prohibited in the contract, is subject to assignment and the assignee may compel specific performance.”
Gadsden Homes, Inc. v. Alabama Financery, 248 Ala. 379, 381, 27 So.2d 626, 628 (1946). The sales contract between the original property owners and the purchaser does not specifically prohibit an assignment of the rights under the sales contract. Also, the deed from the original property owners to the seller did not contain any restrictions on the interest transferred to the seller. Our supreme court has allowed a successor in title, such as the seller, to enforce a sales contract. Pickard v. Osburn, 261 Ala. 206, 73 So.2d 542 (1954); First Nat’l Bank of Birmingham v. Haynes, 236 Ala. 133, 181 So. 495 (1938). We conclude, as did the trial court, that the deed from the original property owners to the seller assigned to the seller the right to enforce the sales contract.
Therefore, we reverse the summary judgment entered for the purchaser.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THOMPSON, J., concur.
YATES and MONROE, JJ., dissent.