MONROE, Judge,
dissenting.
Because I would affirm the judgment of the trial court, I must respectfully dissent.
A.B./Wildwood was not in privity with WBT, and is not bound to purchase the property from WBT. The cases cited in the main opinion as authority for the proposition that the sales contract between the original property owners and A.B./Wild-wood is binding as between A.B,/Wildwood and the new property owners are not factually similar to this case.
The cases relied on by the main opinion hold that “a contract to sell and convey land, or an option, if not specifically prohibited in the contract, is subject to assignment and the assignee may compel specific performance.” Gadsden Homes, Inc. v. Alabama Financery, 248 Ala. 379, 381, 27 So.2d 626, 628 (1946). In this case, it was not the sales contract that was assigned; instead, the original property owners sold the property that was the subject of the sales contract. Conveying the property to someone else is not the same as assigning a sales contract to someone else.
If A.B./Wildwood had a valid sales contract with the original property owners, that contract was broken when the original property owners then turned around and sold the property to WBT. WBT cannot force A.B./Wildwood to purchase property from it.
I believe that the trial court properly entered a summary judgment for the purchaser, A.B./Wildwood. I would affirm the judgment, therefore, I must respectfully dissent.