### COHEN *v.* HERSHFIELD.

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

FACTORS AND BROKERS—COMMISSIONS—PAYMENT TO THIRD PERSON—DECEIT.

Where a vendee fraudulently conceals the fact that she purchased through a broker employed by the vendor, and represents that a third person was the procuring cause of the sale, whereby the vendor is induced to pay the commissions to such third person, the broker cannot sue the purchaser for lost commissions, as the vendor's liability to him is not affected by such payment to the third person.

Appeal from second district court.

Action by Marks Cohen against Bertha Hershfield. There was judgment for plaintiff. Defendant appeals.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*Lewis Johnston,* for appellant. *Christopher Fine,* for respondent.

BISCHOFF, J. Plaintiff, a real-estate broker, was employed as such by one Blumberg to sell the latter's house, No. 306 Henry street, in the city of New York, and acting in pursuance of such employment he procured a purchaser in the person of the defendant. Thereafter, as plaintiff claims, the defendant, conspiring with her brother, one Lappart, to cheat and defraud him out of his commissions from Blumberg, concealed the fact that she became such purchaser through the efforts and instrumentality of the plaintiff, and falsely and fraudulently, and with intent thereby to deceive him, and to induce him to pay such commissions to Lappart, represented that she became such purchaser through the said Lappart. Plaintiff further alleges that, relying upon such representations, Blumberg was induced to pay, and did pay, the amount of such commissions to Lappart, and that thereby such commissions were lost to him; and he seeks in this action to recover the amount of his alleged damage from the defendant. In the court below plaintiff was allowed to recover.

It is difficult to conceive upon what principle of law the judgment can be sustained. Admitting every fact relied upon by the plaintiff he has utterly failed to show a cause of action, and the complaint should have been dismissed upon defendant's motion. Blumberg chose, at his own peril, to determine Lappart's claim to the commissions by payment thereof to him, and it has been repeatedly held that if a debtor pay the amount of his indebtedness to one of two or more persons asserting opposing claims thereto, the person to whom payment was made is not liable to the person subsequently proving himself entitled to payment, for the amount received. See *Patrick* v. *Metcalf,* 37 N. Y. 334. In *Butterworth* v. *Gould,* 41 N. Y. 450, approving of and following *Patrick* v. *Metcalf,* the court of appeals hold it to be a principle well established by authority that "where a defendant has received moneys due to the plaintiff, but claiming it as his own under circumstances in which he has no authority from the plaintiff, and does not act under any pretense of such authority, and the payment to him is made in proposed recognition of his title thereto as his own, and does not operate to discharge the payor from his liability to the plaintiff, then and in such case there is no trust, and no implied promise to pay the money to the plaintiff." Applying the principle referred to to the facts claimed by the plaintiff, it is apparent that he is not entitled to

recovery against Lappart, the actual recipient of the commissions in question, and there is much less ground for holding the defendant. No fraud or misrepresentation was practiced upon the plaintiff. He parted with nothing on the faith of any representations of the defendant, and his right to commissions from Blumberg, at whose request he rendered the services leading to the sale, remains intact, and is in no wise or manner abridged or affected by payment of the commissions to Lappart. How, then, has plaintiff been damaged? If fraud and deceit were intended it was not upon plaintiff, but upon Blumberg, who paid the commissions to Lappart. Blumberg might complain, but clearly not the plaintiff, and fraud without damage does not confer a right of action. *Taylor* v. *Guest*, 58 N. Y. 262, 266. The judgment appealed from must be reversed, with costs, and a new trial ordered.