# Ebersole v. Fields.

## Slander of Title.

(Decided April 17, 1913. 62 South. 73.)

1. *Libel and Slander; of Title; Pleading.*—In an action of slander of title the rules of pleading and evidence are enforced with peculiar strictness.

2. *Same; Right of Action.*—Special damages is the gist of the action of slander of title, and false and malicious statements disparaging title are actionable, when followed by special damages to the owner as a natural and proximate result of the statement.

3. *Same; Nature of the Special Damages.*—Mental distress is not part of the special damages necessary to support an action of slander of title; such special damage must be a pecuniary loss which is the proximate result of the slander.

4. *Same; Pleading; Sufficiency.*—Mere general allegations of loss are not sufficient to support an action of slander of title, an averment of special damages being necessary; hence, the complainant averring that defendant falsely slandered plaintiff's title, followed by allegations of mental distress and mere general allegations of monetary loss is not sufficient.

5. *Same; Statute.*—Section 2459, Code 1907, is merely declarative of the common law, and does not avoid the necessity of alleging special pecuniary damages.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by C. D. Ebersole against A. E. Fields for slander of title. Judgment for defendant on demurrer, and plaintiff appeals. Affirmed.

The first count declares the plaintiff to be the owner of a fee-simple estate in the lands hereinafter described, subject to a mortgage, and claims $5,000 damages for

[Ebersole v. Fields.]

falsely and maliciously impugning plaintiff's title to said property, in publishing of or concerning said property in a paper, to wit, a letter published at Birmingham by the defendant, with the intent to defame plaintiff's title, which words were substantially as follows: [Here follows letter addressed to Alabama Home Building & Loan Association, stating that Capt. A. E. Fields, a client of the writer, had listed for sale an undivided half interest in lots 2 to 7, inclusive, block 155, East Lake, and that the records showed that on December 30, 1910, C. D. Ebersole had executed a mortgage on this property to the association, and stating that they would be glad to take the matter up with them for the purpose of selling them their interest in the property. The letter is signed by the Carter Realty Company, by W. F. Carter.] And it is alleged that as the proximate consequence of said libel plaintiff was greatly worried, vexed, harassed, and bothered, and was put to great trouble, inconvenience, and expense in and about his attempts to quiet his title to the property, and to prevent the libel from doing further harm to plaintiff, and plaintiff claims punitive damages. The second count is the same as the first, except that the letter is addressed to the plaintiff himself. The other counts are based on the false and malicious claim of the defendant to a one-half undivided interest in said property, and claiming punitive damages.

HARSH, BEDDOW & FITTS, for appellant. The damages claimed were sufficiently stated, and the court was in error in sustaining demurrers to the complaint.—Sec. 2459, Code 1907; 44 N. W. 291; 68 S. W. 577.

ALLEN & BELL, for appellee. It is essential that damages of a pecuniary nature be distinctly and particu-

[Ebersole v. Fields.]

larly set out as mental distress is not an element of special damages, and general averments of loss is not sufficient.—*Hill v. Ward,* 13 Ala. 310; *Ivey v. Pioneer Co.,* 113 Ala. 349; *Lewis v. Paull,* 42 Ala. 136; 13 Enc. P. & P. 97; 13 L. R. A. 707; 90 Cal. 537; 59 Cush. 104; 25 Cyc. 454. Sec. 2459 is merely declaratory of the common law, and does not relieve a plaintiff from alleging and proving special pecuniary loss.—*Smith v. Gafford,* 33 Ala. 172; *Gunley v. Humphries,* 35 Ala. 626, and authorities supra.

McCLELLAN, J.—Action for "slander of title to real estate."

Referring to our early case of *Hill v. Ward,* 13 Ala. 310, it was said in *Griffin v. Isbell,* 17 Ala. 186: "The action of slander, in all its varieties, is one of peculiar strictness in respect of the pleadings and the evidence. There is, perhaps, no other civil action which has been treated so strictly by the courts."

In *Hill v. Ward* the action was grounded upon declarations and conduct whereby a sale of personal property at auction was alleged to have been wrongfully interfered with. In the course of that opinion it was said: "Conceding that a party is liable for any false and malicious words spoken to the prejudice of another, *if special damages ensue,* the allegations contained in these counts, in our opinion, do not bring them within the rule." Italics supplied.

We have set out in this quotation from *Hill v. Ward,* for that it imports a recognition—though by the way, as to the point particularly ruled upon—the idea that special damages, naturally, proximately, resulting, is the gist and heart of the action of "slander of title to property."

At page 558, 25 Cyc., this is the statement of the rule: "False and malicious statements, disparaging property or the title thereto, when followed, as a natural, reasonable, and proximate result, by special damage to the owner, are actionable." In the same work, at page 564, it is stated that a complaint which fails to allege special damages "fails to allege a cause of action." A number of adjudications in other jurisdictions supporting the statement of the text are cited in the note.

The Supreme Court of Minnesota, in *Wilson v. Du Bois,* 35 Minn. 472, 29 N. W. 69, 59 Am. Rep. 336, has thus pronounced: "The action is in the nature of one for slander of title; * * * and hence it is not the ordinary action for slander, properly so called, 'but an action on the case for special damages sustained by reason of the speaking' complained of. [Citing a number of apt authorities.] Special damages are therefore of the gist of the action.—*Wetherell v. Clerkson,* 12 Md. 597. Without them the action cannot be maintained; and therefore a complaint failing to allege them fails to allege a cause of action." See volume 20, Notes to Am. Rep. 981, for note to this case. The following authorities are to the same effect: *Burkett v. Griffith,* 90 Cal. 532, 27 Pacfl 527, 13 L. R. A. 707, 25 Am. St. Rep. 151, with satisfactory note on pages 707, 708, collating additional decisions on the subject; *Swan v. Tappan,* 5 Cush. (Mass.) 104, 109, 110; 13 Ency. Pl. & Pr. pp. 97, 98, and notes.

The text last cited is this: "Averment of special damage is necessary. An allegation of loss in general terms is not sufficient. As words spoken of property are not in themselves actionable, it is necessary to allege the facts which show wherein the plaintiff has sustained damage; and, as special damage is the only ground upon which the action can be maintained, it is essential that

[Ebersole v. Fields.]

such damage be distinctly and particularly set out." To like effect is Judge Freeman's notes in 87 Am. Dec. 562, 563, and in 25 Am. St. Rep. 158, 159.

The nature and essential effect of the special damage suffered, if the action is maintainable, is that the false and malicious matter charged interrupted, or injuriously affected, some dealing of the plaintiff with his property, or naturally, reasonably, and proximately superinduced the necessity for his pecuniary expenditure to relieve his right to the property from the damnifying effect of such false and malicious slander.—*Burkett v. Griffith, supra; Wilson v. Du Bois, supra; Chesebro v. Powers,* 78 Mich. 472, 44 N. W. 290; 25 Cyc. pp. 563, 564, and notes.

Mental perturbation suffered, in however immediate consequences of such false and malicious slander, is not within the range of the special damage naturally, reasonably, and proximately resulting from slander of the title to property; and in an action of this character consequential mental distress is not an element of recoverable special damages. In this connection the following statement by Judge Freeman *(Gent v. Lynch,* 23 Md. 58, 87 Am. Dec. 562) appears particularly apt and well supported by authority: "To maintain the action, the words must not only be false, but they must be uttered maliciously, *and be followed* as a natural and legal consequence by a *pecuniary damage* to the plaintiff, which must be specially alleged in the declaration and substantially proved at the trial."

The Supreme Court, in *Pollard v. Lyon,* 91 U. S. 237, 23 L. Ed. 308, pronounced to the same general effect with respect to *special damage.* And in this jurisdiction the court, in the analogous (as to count 3) case of *Ivey v. Pioneer Savings & Loan Co.,* 113 Ala. 359, 21 South. 531, illustrated the same principle. To like

effect, in principle, are our cases of *Lewis v. Paull,* 42 Ala. 136, 138, 139, and *Dothard v. Sheid,* 69 Ala. 135, 139.

Measured by the rule stated, it is evident that neither the original complaint, nor that pleading after amend-ment, sufficiently set forth any recoverable special dam-age suffered by plaintiff in consequence of the averred false and malicious slander of his title to the property particularly described. What averments are made from which a *possible* conclusion of pecuniary loss may be drawn are most general, far from being distinct and particular.

The case, from the Court of Appeals of Missouri (St. Louis), of *Butts v. Long,* 94 Mo. App. 687, 68 S. W. 754, is not in accord with the weight of, and best con-sidered, authority on the question of necessity to par-ticularly aver the basis and circumstances upon which the claim of special damages is rested. In *Cheseboro v. Powers, supra,* the court does not appear to have under-taken, if indeed it was invited, to rule upon the suffi-ciency of the initial pleading. It seems, however, that there the essential facts to support a claim of special damage were particularly averred.

It is urged that Code, § 2459, operates to avert the application of the strict common law rules to which reference has been made. That section reads: "The owner of any estate in lands may maintain an action for libelous or slanderous words falsely and maliciously impugning his title." That section created no new or different cause of action. It is but a general reaffirma-tion of a general right recognized, as appears from the authorities ante, at common law. That statute has not effected, and it was not so intended, any change in the rules of pleading applicable to the character of action to which its general affirmation of right relates.

The demurrers were properly sustained. The judgment is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.