**McCLUSKEY et al. v. STEELE et al.**
**(8 Div. 781.)**

(Court of Appeals of Alabama. Nov. 9, 1920. Rehearing Denied Dec. 7, 1920.)

**1. Appeal and error ⟷767(1)—Appellate court may strike brief for noncompliance with rules.**

Appellate court has authority to strike from the files a brief, which does not comply with Supreme Court rule 10 (175 Ala. xviii), requiring appellant's brief to contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages of the transcript, and separately numbered, concisely stated, propositions or points without argument or elaboration, together with the authority relied on, under separate heading of each error relied on.

**2. Appeal and error ⟷933(4)—Granting of new trial generally, without specifying whether action was taken because of insufficiency of evidence to sustain verdict, not disturbed.**

Appellate court will not review action of trial court in granting motion for new trial containing numerous grounds, including the ground that verdict was against the overwhelming weight and preponderance of the evidence, where order granting the motion did not specify particular ground on which the court based its action, since appellate court will refer the order to any ground in the motion sustaining the action of the trial court.

**3. Conspiracy ⟷3—To procure breach of contract without fraud or force, not actionable.**

A conspiracy to procure the breach of a contract, without direct fraud, force, or coercion, is not actionable.

**4. Brokers ⟷82(1)—Complaint seeking to recover commissions from purchasers on the ground of conspiracy held insufficient.**

In brokers' action against owners and purchasers for commissions, complaint alleging that owners authorized brokers to find purchaser for the land, that brokers procured purchasers, who agreed to purchase the land for the specified amount, that thereafter owners and purchasers conspired to deprive brokers of any commission and refused to consummate the transaction through the brokers, and that pur-

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 203 Ala. 522.

chasers subsequently purchased the land directly from owners, *held* not to state a cause of action.

Appeal from Circuit Court, Morgan County; Horace C. Wilkinson, Judge.

Action by J. G. McCluskey and another against N. L. Steele and others to recover commissions for the sale of real estate. There was judgment for the plaintiffs which, on motion of the defendant, was set aside and new trial ordered, and from this last order the plaintiffs appeal. Affirmed.

Count 1, as amended, is as follows:

Count 1. Plaintiffs claim of the defendants the sum of $1,250 as damages, for that heretofore the defendant John W. Yerkes, claiming to be the owner of a large tract of land in said county, known as the Fred B. Orr place, and having a legal interest therein, and right to convey, and desiring to make sale thereof, and he, the said defendant, John W. Yerkes, being a resident of Danville, Ky., commissioned and authorized his son, defendant S. L. Yerkes, who was engaged in divers promotions around Birmingham, Alabama, and defendant Steele, who resided in Birmingham, Alabama, to negotiate a sale of said land, and they, being located some 70 miles away from said lands, engaged the services of plaintiffs, who were real estate agents in Morgan county, Alabama, and familiar with the lands, and with many who might be interested in the purchase thereof; and the defendants Steele and Yerkes (S. L.) had authority to make sale of said lands for $18,000, and agreed with plaintiffs that they might have as their commission such sums in excess of $18,000 as they might succeed in negotiating a sale of such lands for, and thereupon and thereafter, by the expenditure of much time and expense, they succeeded in negotiating a sale of said lands to defendants Jackson and Calvin, who represented themselves and other purchasers in the negotiations, at and for the sum of $18,800, and it was then and there well understood and agreed by and between the defendants and plaintiffs that the sum of $800 of said purchase price should be the plaintiffs' commission for negotiating said sale; and then, after the terms had been fully agreed upon and understood, and accepted by all defendants and plaintiffs, the defendants so contrived, combined, confederated, and conspired among themselves, in order to deprive plaintiffs of any commission, emolument, reward, compensation, or reimbursement in the premises, that they, the defendants, on or about January or February, 1917, refused to close up the transaction through plaintiffs or to recognize the plaintiffs in consummating said deal and negotiations.

And the defendants then and there refused to go on and to sell and convey on the one hand, and to receive, accept, and pay for the land and the deed, on the other hand, at and for the sum of $18,800; but, in order to circumvent and outwit plaintiffs, and to deprive them of all commissions, emoluments, rewards, or reimbursement in the premises, they, the defendants, without consent of plaintiffs, simulated and pretended an abandonment of the sale and trade and the negotiations at and for the said sum of $18,800, and the defendants Jackson, Calvin, and associates paid the other defendants $500 on the purchase money, and the said defendant S. L. Yerkes, for himself and John W. Yerkes and N. L. Steele, accepted, or had placed in escrow, said $500, and executed to defendants Jackson and Calvin, a sufficient memorandum of sale, and afterwards delivered and caused to be delivered to defendants Calvin and Jackson a good and sufficient deed and conveyance of said lands, which was accepted, all for $18,000, and said transaction thereby closed, and plaintiffs discharged, and all the compensation, commission, and reimbursements to which they were entitled were thereby lost to them. And plaintiffs aver that they, as real estate agents, introduced the sellers and purchasers to one another, and were the procuring cause and instrumentality of the full, final completion of said sale, and that no part of their said commissions has been paid.

Plaintiffs amend the first count of the complaint by averring that defendants Calvin and Jackson agreed to pay plaintiffs the $800 over the $18,000 to the plaintiffs, and the defendants Yerkes and Steele, well knowing this agreement, conspired and confederated with the said Calvin and Jackson to contrive a sale of said land for the sum of $18,000 between themselves, in order to deprive plaintiffs of their said commissions.

Further on in the trial and by leave of the court the first count was further amended as follows:

Defendant S. L. Yerkes, for himself and John W. Yerkes and N. L. Steele, accepted and had placed in escrow the said $500, and executed to defendants Jackson and Calvin a sufficient memorandum of sale, and afterwards delivered or caused to be delivered to the defendants Jackson and Calvin a good and sufficient deed and conveyance of said land, which was accepted, all for $18,100; and plaintiff further amends said count with respect to the purchase money finally agreed upon, and for which defendants took a deed to the land, from the sum of $18,000 to $18,100.

Charge given for the plaintiffs is as follows:

6. A purchaser of land through a broker, or one contemplating such purchase, may be held liable for the broker's commission by way of damages for failing or refusing to carry out his contract, although he had not agreed to pay them, or where he had been guilty of some other wrongful act or commission, which interferes with the broker's right to recover commission from his principal.

E. W. Godbey, of Decatur, for appellants.

The first count of the complaint as amended was not subject to the demurrers. (C. C.) 161 Fed. 396; 151 U. S. 16, 14 Sup. Ct. 240, 38 L. Ed. 55; 12 C. J. §§ 161, 162; 38 Cyc. 508; 166 Wis. 420, 166 N. W. 171, 2 A. L. R. 285; 188 Mass. 353, 74 N. E. 603, 5 L. R. A. (N. S.) 899, 108 Am. St. Rep. 501, 3 Ann. Cas. 738; 118 Ky. 192, 80 S. W. 799, 4 Ann. Cas. 1026; 81 W. Va. 263, 94 S. E. 747, L. R. A. 1918C, 150; 79 Minn. 94, 81 N. W 750, 48

L. R. A. 92; 215 Mass. 296, 102 N. E. 318; 8 Cyc. 647; 232 Fed. 35, 146 C. C. A. 232; 26 Wash. 529, 67 Pac. 221, 57 L. R. A. 403; 156 Ala. 382, 47 South. 333, 22 L. R. A. (N. S.) 1224.

N. L. Steele, of Birmingham, John R. Sample, of Hartselle, and Tennis Tidwell, of Albany, for appellees.

Count 1 did state a substantial cause of action. 199 Ala. 192, 74 South. 73; 5 R. C. L. 1102; 49 Ind. App. 376, 94 N. E. 1021; 156 Ala. 388, 47 South. 332, 22 L. R. A. (N. S.) 1224; 120 Cal. 551, 52 Pac. 817; (Tex. Civ. App.) 145 S. W. 1029.

BRICKEN, P. J. This cause was submitted on briefs in the Supreme Court on June 17, 1920, and by that court transferred to this court on October 6, 1920; it having been ascertained that the submission in the Supreme Court was improper, as the jurisdiction of the matters involved is in this court. Acts 1911, p. 96, § 2.

The record is voluminous, and the questions presented are profusely and elaborately briefed by respective counsel. We have considered these briefs, but we feel constrained to say that there is a flagrant noncompliance by appellants' counsel of Supreme Court rule 10 (175 Ala. xviii), adopted June 23, 1913, governing the practice in the appellate courts of this state. The rule is as follows:

"Appellant's brief shall contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages of the transcript. * * *

"Following this statement, the brief shall contain under separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with the authorities relied on in support of them."

[1] A strict or substantial adherence to this rule tends greatly in assisting the appellate courts, not only in reaching the correct conclusion, and in the preparation of the opinion, but also the consideration of the case in consultation; while, on the other hand, a brief prepared in violation of this rule is calculated to confuse, rather than aid, the court, and results in an unnecessary burden on the appellate courts. It would necessarily be with great reluctance that this court should feel called upon to strike a brief for a noncompliance of the

18 ALA.APP.—3

rules, but that the appellate court has the authority so to do cannot be questioned.

[2] The appeal in this case is taken from a judgment of the trial court granting a motion for a new trial. This motion contained numerous grounds; among them, that the verdict was against the overwhelming weight and preponderance of the evidence. The rule in this state governing the reviewing of the action of the trial court in granting a motion containing this and similar grounds has been so often stated that we are content to say that under the rule we cannot affirm that the trial court was in error. Wood v. Empire Laundry Co., 14 Ala. App. 144, 68 South. 584.

In an opinion prepared by the trial court, which is a part of the record, it is apparent that the question of whether that court erred or not in overruling the demurrer to the first count of the complaint as last amended received a great deal of consideration at the hands of the court; in fact, no other ground of the motion is discussed in the opinion. The order granting the motion is general, and does not specify any particular ground upon which the trial court based its action; and this court will refer that general order to any ground in the motion that would sustain the action of the trial court.

[3] The weight of authority is to the effect that a conspiracy to procure the breach of a contract, without direct fraud, force, or coercion, is not actionable. 5 R. C. L. p. 1101, § 49; Sleeper v. Baker, 22 N. D. 386, 134 N. W. 716, 39 L. R. A. (N. S.) 864, Ann. Cas. 1914B, 1189; Jackson v. Morgan, 49 Ind. App. 376, 94 N. E. 1021; Chambers v. Baldwin, 91 Ky. 121, 15 S. W. 57, 11 L. R. A. 545, 34 Am. St. Rep. 165; Cohen v. Hershfield, 16 Daly, 96, 9 N. Y. Supp. 512; Swain v. Johnson, 151 N. C. 93, 65 S. E. 619, 28 L. R. A. (N. S.) 615; Ashley v. Dixon, 48 N. Y. 430, 8 Am. Rep. 559; Boyson v. Thorn, 98 Cal. 578, 33 Pac. 492, 21 L. R. A. 233; Glencoe, etc., v. Hudson, etc., 138 Mo. 439, 40 S. W. 93, 36 L. R. A. 804, 60 Am. St. Rep. 560.

[4] We approve the opinion of the trial court and its ruling that the first count of the complaint as last amended does not state a substantial cause of action. The reporter will set out the first count as last amended.

Charge 6 given at the request of the plaintiffs, was erroneous, sufficient in itself to justify the action of the trial court. Minto v. Moore, 1 Ala. App. 556, 55 South. 542.

The judgment appealed from is affirmed.
Affirmed.