(104 So. 651)

**DENT v. BALCH.** (6 Div. 353.)

(Supreme Court of Alabama. April 16, 1925. Rehearing Denied June 11, 1925.)

1. **Libel and slander** ⟨⇒130, 139—**Special damage of pecuniary nature is gist of action for slander of title, and must be pleaded.**

Special damage of a pecuniary nature is the gist of the action for slander of title, and such damage must be directly or particularly set out in complaint; a general allegation of loss being insufficient.

2. **Libel and slander** ⟨⇒139—**In pleading special damages for slander of title, amount of loss in each particular need not be separately stated.**

The rule, requiring that special damages in complaint for slander of title be set out, does not require that the amount of loss in each of particulars in respect of which special damage is claimed be separately stated; amount of loss being a matter of proof.

3. **Libel and slander** ⟨⇒139—**Complaint held to sufficiently specify elements of special damage.**

In an action for slander of title, held, complaint sufficiently specified elements of special damage claimed.

4. **Libel and slander** ⟨⇒139—**No recovery for slander of title, where contract for sale of land exists at time.**

Where there is in existence, before the perpetration of alleged slander of title, a valid and enforceable contract for sale of the land, no recovery can be had against the slanderer for executory purchaser's breach of contract to purchase; the law presuming vendor can recover resulting loss from defaulting purchaser.

5. **Libel and slander** ⟨⇒139—**Complaint for slander of title not subject to demurrer, not showing that contract for sale of land existed.**

In an action for slander of title, held, complaint was not subject to demurrer as not showing that contract for sale of land existed before perpetration of alleged slander.

6. **Pleading** ⟨⇒136—**Demurrer to special issues properly sustained, where defenses were availed of under general issue.**

In an action for slander of title, demurrers to special pleas, setting up defense of existence of contract for sale of land in question before alleged slander, were properly sustained, where such defense was available under the general issue and such issue was in fact tried and determined.

On Rehearing.

7. **Libel and slander** ⟨⇒139—**Matter merely contradictory of complaint need not be specially pleaded in defense to action for slander of title.**

In an action for libel and slander, where defense was existence of contract for sale of land in question, held, such matter was merely in contradiction of matter alleged in complaint, and need not be specially pleaded.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by William E. Balch against George H. Dent. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 7326, Code of 1923. Affirmed.

The amended complaint is as follows:

"Plaintiff claims of defendant $3,000, as damages for that heretofore, to wit, on the 1st day of October, 1920, plaintiff owned a certain piece of real estate, viz., lot 9 in block 3, in O. W. & S. E. Wood's addition to Woodlawn, which is now a part of the city of Birmingham situated in Jefferson county, Ala., and that on said day plaintiff had a trade pending for the sale of said real estate to one Mrs. Adele De Bardeleben, at and for the sum of $3,750, and she was then and there ready, willing, and able to purchase said property at said price; that defendant on said day falsely and maliciously impugned plaintiff's title to said lot, by falsely and maliciously speaking of and concerning same to the said Mrs. De Bardeleben, to wit, that they had a mortgage on the house and lot for $1,100 and that it had been running 13 years at 8 per cent. interest and was unpaid; and, as a proximate consequence of said slander, plaintiff failed to complete the said sale of said real estate to the said Mrs. De Bardeleben, and the said Mrs. De Bardeleben being in possession of said property, held possession thereof a long time; and plaintiff lost

⟨⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rents on said place for a long time; and plaintiff lost interest on the said amount of $3,750 for a long time; and plaintiff lost the difference between the said sum of $3,750 and the price at which plaintiff subsequently sold said real estate; and plaintiff lost the difference between the sum of $3,750 and the subsequent reasonable market value of said real estate within a reasonable time for plaintiff to sell same after he lost the opportunity to complete the said sale to the said Mrs. De Bardeleben; and plaintiff lost the difference between the sum of said $3,750 and the amount that plaintiff could thereafter obtain for said real estate; and plaintiff was put to great trouble, inconvenience, and expense in or about his efforts to get the said Mrs. De Bardeleben to accept said title in spite of said slander, and in or about his efforts to clear up said slander, or counteract the effects of same—all to plaintiff's damage, wherefore he sues, and he also claims punitive damages."

Matthews & Morrow, of Birmingham, and S. H. Dent, of Montgomery, for appellant.

Where slander is uttered after sale is completed or agreed upon, so as to give plaintiff an enforceable contract, he cannot recover for the slander. 17 R. C. L. 455; Burkett v. Griffith, 90 Cal. 532, 27 P. 527, 13 L. R. A. 707, 25 Am. St. Rep. 151; Brentman v. Note (City Ct.) 3 N. Y. S. 420; Morris v. Langdale, 2 Bos. & P. 284; Kendall v. Stone, 5 N. Y. 14; Paull v. Halferty, 63 Pa. 46, 3 Am. Rep. 518. In order to recover plaintiff must aver and prove special damages. Ebersole v. Fields, 181 Ala. 421, 62 So. 73; 25 Cyc. 559; Coffman v. Henderson, 9 Ala. App. 553, 63 So. 808.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J.   [1] In actions for slander of title, special damage of a pecuniary nature is the gist of the action, and such damage must be directly and particularly set out in the complaint; an allegation of loss in general terms not being sufficient. Ebersole v. Fields, 181 Ala. 421, 62 So. 73.

[2] But this rule does not mean that the amount of the loss, in each of the particulars in respect of which special damage is claimed, must be separately stated. The amount of the loss is a matter of proof, and is immaterial so far as the statement of a cause of action is concerned.

[3] We think the complaint in this case sufficiently specifies the elements of the special damage claimed.

These elements of special damage appear to have resulted from the failure of plaintiff to close a pending negotiation for the sale of the land for $3,750.

[4] The law is well settled that if there is in existence, before the perpetration of the alleged slander of title, a valid and enforceable contract for the sale of the land in question, no recovery can be had against the slanderer for the damage resulting from the executory purchaser's breach of his contract to purchase. Burkett v. Griffith, 90 Cal. 532, 27 P. 527, 13 L. R. A. 707, 25 Am. St. Rep. 151; Kendall v. Stone, 5 N. Y. 14; Paull v. Halferty, 63 Pa. 46, 3 Am. Rep. 518; 17 R. C. L. 455, § 2161; 25 Cyc. 561, b, and cases cited.

In such a case the law presumes that the vendor can recover any resulting loss from the defaulting purchaser, and he is left to that remedy.

[5] The complaint does not show the existence of such a contract, and as for that the complaint was not subject to demurrer.

[6] That defense was available under the general issue, and there was no error, therefore, in sustaining demurrers to several special pleas setting up the existence of such a contract prior to the alleged slander. That issue was in fact tried and determined, as shown by the special instructions given to the jury at defendant's request:

"If you are reasonably satisfied from the evidence in the case that the plaintiff had a valid contract of sale of said property with Mrs. De B——, then I charge you that the plaintiff cannot recover from the defendant any damages sustained as a proximate consequence of a breach of said contract by Mrs. De B——."

The appeal is on the record only, and, prejudicial error not appearing, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

On Rehearing.

[7] Counsel for appellant insist that the defense set up in the special pleas above referred to was in confession and avoidance, and was not available under the general issue. An examination of the amended complaint will show, however, that it alleges that the trade with Mrs. De Bardeleben was pending and incomplete, and that it was never completed. This allegation would be contradicted by proof of a complete contract of sale, and, as the complaint was framed, a special plea, setting up what was in substance and effect a mere contradiction of that allegation, was not necessary.

In such a case, we will not presume that the trial judge erroneously excluded the issue from the jury.

Application overruled.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.