(121 So. 57) ·

**WOMACK v. McDONALD.   (7 Div. 849.)**

Supreme Court of Alabama.   March 21, 1929.

76

Victor Vance, of Gadsden, for appellant.

E. O. McCord & Son, of Gadsden, for appellee.

FOSTER, J. Appellant sued appellee at law in six counts. The first was in trespass to realty, and the others were in slander of the title of realty. The court sustained demurrer to all of them, and, on account of such adverse rulings and to review them, this appeal is prosecuted.

Count 1 of the complaint contains all the substantial requirements of form 28 of section 9531 of the Code, except the date of the alleged trespass, and there was no ground of demurrer addressed to that failure. The fact that defendant on February 9, 1927, appeared at a store of plaintiff *near* the lots, the subject of the alleged trespass, and made statements about owning said lot, had no place in the complaint and would doubtless have been stricken on motion. But there was a trespass alleged notwithstanding such impertinent matter. Such matter did not render the count subject to demurrer, but only subject to a motion to strike that part of it.

The Code form makes provision for allegations of special damages committed while upon the premises (not near them). Without allegation of such special damages only nominal damage may be recovered (Sloss-Sheffield, etc., Co. v. Dickinson, 167 Ala. 211, 52 So. 594), unless there are allegations sufficient as a predicate for punitive damages. The fact that only nominal damages are sought, or are subject to recovery, does not render the complaint defective. All the foregoing principles are settled in this state in Foust v. Kinney, 202 Ala. 392, 80 So. 474, where many authorities are cited.

The elements constituting a slander of title as a basis for the recovery of damages are as follows: (1) Ownership of the property by plaintiff; (2) falsity of the words pub-

lished; (3) malice of defendant in publishing the false statements; (4) publication to some person other than the owner; (5) the publication must be in disparagement of plaintiff's property or the title thereof; and (6) that special damages were the proximate result of such publication (setting them out in detail). Ebersole v. Fields, 181 Ala. 421, 62 So. 73; Dent v. Balch, 213 Ala. 311, 104 So. 651; 37 C. J. 130 et seq. The amount of loss in each of the particulars of special damages claimed need not be stated. Dent v. Balch, supra.

Applying the foregoing principles to this case, we find that count 2 alleged plaintiff's ownership of the property, and that defendant told different persons that he owned it. If we attribute the words "falsely and maliciously" to the allegations remotely following, (that he) "told different persons near," etc., as well as to the words immediately following, "served notice on two of plaintiff's tenants," etc., they constitute a sufficient allegation of false and malicious publication. We think that they could be reasonably so construed, and, interpreting the words "falsely and maliciously" as so attributable, we hold the count sufficient in this respect. The only other essential allegation is that special damages, describing them, proximately resulted to plaintiff from such publication. The count is sufficient in this respect. Demurrer therefore should not have been sustained to it.

Counts 3, 4, 5, and 6 all lack one or more of the essential allegations above mentioned, and the court properly sustained demurrer to them.

For the error, therefore, in sustaining demurrer to counts 1 and 2, the judgment of nonsuit is reversed, and the cause restored to the docket for further proceedings in the circuit court.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.