(123 So. 223)

**PICKENS v. HAL J. COPELAND GROCERY CO.** (6 Div. 364.)

Supreme Court of Alabama. June 27, 1929.

Jacobs & Carmack, of Birmingham, for appellant.

David J. Davis, of Birmingham, for appellee.

FOSTER, J. So far as we are aware, the extent to which this court has gone to justify a suit resembling in any respect that of the nature of the one shown on this appeal is to hold that an action will lie for damages on account of an interference with one's ·trade or profession under certain circumstances (Sparks v. McCreary, 156 Ala. 382, 47 ·So. 332, 22 L. R. A. [N. S.] 1224), and for damages by one due to the conduct of another in causing him to be discharged from his employment under the circumstances stated (U. S. F. & G. Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A. L. R. 520; T. C. I. & R. Co. v. Kelly, 163 Ala. 348, 50 So. 1008; Southern Finance Co. v. Foster, 19 Ala. App. 109, 95 So. 339).

On the other hand, the court in the case of Erswell v. Ford, 208 Ala. 101, 94 So. 67, approved the following statement: "An action cannot in general be maintained for inducing a third person to break his contract with the plaintiff; the consequences after all being only a broken contract for which the party to the contract may have his remedy by suing upon it." The exceptions to this general rule are also noted. There is a difference of opinion in other jurisdictions. 15 R. C. L. 54, 55; 38 Cyc. 508; 2 Cooley on Torts (3d Ed.) p. 592.

The only case directly bearing upon the facts alleged in the complaint in the instant case, to which our attention has been called, is Norcross v. Otis, etc., Co., 152 Pa. 481, 25 A. 575, 34 Am. St. Rep. 669. Relief was denied under circumstances similar to those stated in this complaint, though it was alleged that the notice to the debtor not to pay was given "maliciously, vexatiously and unjustly." The argument, however, was that such an action is similar in principle to one for the malicious prosecution of a civil suit, where there was no interference with the person or property rights of the defendant. Several decisions of the Supreme Court of Pennsylvania are cited sustaining the principle that, without interference with the person or property rights of a defendant in a civil suit, he may not prosecute an action for its malicious prosecution. This court has taken a different view of such nature of action. Peerson v. Ashcraft Cotton Mills, 201 Ala. 358, 78 So. 204, L. R. A. 1918D, 540.

It is pointed out in 1 Cooley on Torts (3d Ed.) 348, that, while there is a sharp conflict of authorities on this subject, the view which this court has adopted is in accordance with the weight of the later decisions. It is not· our purpose, nor is it necessary for us again, to treat that subject here.

Our opinion is that the result we are seeking is not dependent upon that question, though it was apparently influential in the case of Norcross v. Otis, etc., Co.

The question seems to be somewhat akin to slander of title. Yet such action only applies to property rights, real or personal, tangible or intangible, such as options, patents, trade-marks, and trade-names. In such case it is said that the true test is: "Has the interest or title defamed a market value." Newell on Slander and Libel, p. 252 et seq.; Womack v. McDonald (Ala. Sup.) 121 So. 57;[1] Dent v. Balch, 213 Ala. 311, 104 So. 651; Ebersole v. Fields, 181 Ala. 421, 62 So. 73; Code 1923, § 5665. ·

Such form of action has not been extended to a case where the slander was of one's interest in or right to a simple debt for money. In fact, in the case of Dent v. Balch, supra, attention was called to the fact that, if there is in existence before the alleged slander a valid and enforceable contract, no recovery can be had against the slanderer resulting from a breach of such contract occasioned by the slander. For it is said that under those circumstances the injured party may recover for the breach of his contract against him who failed to perform it. It will be observed that there is here applied the principle that a suit will not ordinarily lie against one who merely causes the breach of a valid contract.

We do not find that the form of action sought to be maintained in this case has found support in any authority. While some hold generally that for causing the breach of a contract it will lie (different from the Alabama· rule), none have applied it, so far as we know,· where the breach merely consisted, as here, in the failure to pay a debt to collect which there is provided by law an adequate and complete remedy, and the validity of the debt or legal right to collect it is not thereby affected.

The ruling of the circuit court was in accord with these views, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

[1] Ante, p. 75.