## LOUISIANA OIL CORPORATION v. GREEN.
### 7 Div. 311.

Supreme Court of Alabama.
April 11, 1935.

Rehearing Denied June 4, 1935.

480.

.As we construe count K, it is predicated upon a claim for slander of title (Womack v. McDonald, 219 Ala. 75, 121 So. 57; Ebersole v. Fields, 181 Ala. 421, 62 So. 73; Dent v. Balch, 213 Ala. 311, 104 So. 651; 37 Corpus Juris, 130), or a malicious interference with plaintiff's contract rights in respect to certain property.

The claim is based on the averment that the defendant did not have the right to the immediate possession of lots 5 and 6, block 3, but that he falsely, wrongfully, and maliciously represented to others that he did have, and that plaintiff suffered damages as a result, and lost the benefit of an existing lease.

Count L claims rent under a contract between plaintiff and defendant for the demise of lots 5 and 6, block 3. So that the complaint claims on one count that defendant has no such contract, but falsely, maliciously asserted to others that he had, to plaintiff's damage; and in another that (if plaintiff is mistaken in the statement that defendant has no such right) there was a contract between them for the rent of the premises, and claims the amount due under such contract.

We have frequently had occasion to refer to the change which was wrought in this respect by sections 9467 and 9513, Code, so that it is no objection if the counts are inconsistent, as long as they arise out of the same transaction or refer to the same subject-matter. Gambill v. Fox Typewriter Co., 190 Ala. 36, 66 So. 655; Birmingham Belt R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219; Singer v. Nat. Bond & Inv. Co., 218 Ala. 375, 118 So. 561; Sov. Camp, W. O. W. v. Carrell, 218 Ala. 613, 119 So. 640; Lovett v. Funderburk, 224 Ala. 634, 141 So. 557.

The fact that the statute provides that the issue may be determined separately by the jury (section 9467, Code) does not prevent the court from determining it if it is made plain by the averments of the several counts in question. Section 9513, Code. We think that counts K and L do relate to the same subject-matter and refer to the same transaction, property, title, and parties, as contemplated by the Code provisions. The court therefore committed no error in so ruling.

The question mainly argued relates to the sufficiency of count K against demurrer. Appellant insists that it should be tested on the principles applicable to slander of title. Appellee argues that the cause of

Goodhue & Lusk, of Gadsden, and Bradley, Baldwin, All & White and Wm. A. Rose, all of Birmingham, for appellant.

David C. Byrd, of Gadsden, for appellee.

FOSTER, Justice.

This is an action at law against appellant. It was tried on counts L and K as amended. After count K had been filed, count L was added.

The first contention argued by counsel is that those two counts do not arise out of the same transaction or relate to the same subject-matter. The point was first made by objecting to the filing of count L, and then by demurrer to the complaint as amended.

action is that of maliciously causing another to violate his contract.

The right of action against one who causes another to violate his contract has been frequently considered in our cases. In Pickens v. Copeland Grocery Co., 219 Ala. 697, 123 So. 223, we reviewed our decisions on that subject, and found that the only circumstances in which we have sustained such an action are for damages on account of an interference with plaintiff's trade or business as in Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L. R. A. (N. S.) 1224, or one in which defendant interfered with plaintiff's right to work and earn a livelihood under a contract for personal service. U. S. F. & G. Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A. L. R. 520; Tennessee C., I & R. Co. v. Kelly, 163 Ala. 348, 50 So. 1008; So. Finance Co. v. Foster, 19 Ala. App. 109, 95 So. 338, 339. We held that plaintiff had no cause of action against one who merely conspired to cause a debtor not to pay plaintiff a debt.

In the case of Alcazar Amusement Co. v. Mudd & Colley Amusement Co., 204 Ala. 509, 86 So. 209, the suit was to enjoin the exhibition of a motion picture which plaintiff claimed to have the exclusive right to exhibit. The court held that equity had jurisdiction to restrain a third party from exhibiting a motion picture in violation of plaintiff's exclusive contract rights. By way of argument, not essential to the conclusion, the court referred to certain foreign cases holding that an action in tort exists against one who consciously interferes with the performance of a contract. This is not authoritative on the subject, since it is only stated by way of argument, and was not controlling in determining the equity jurisdiction of that case. The authorities in other states are in conflict. 62 Corpus Juris, 1141.

On the other hand, in Erswell v. Ford, 208 Ala. 101, 94 So. 67, 69, the court asserts that it approves the following statement: "An action cannot in general be maintained for inducing a third person to break his contract with the plaintiff; the consequence after all being only a broken contract for which the party to the contract may have his remedy by suing upon it." This was quoted from Sleeper v. Baker, 22 N. D. 386, 134 N. W. 716, 39 L. R. A. (N. S.) 864, Ann. Cas. 1914B, 1189. The court then notes two exceptions, one relating to employees and the other to the use of coercion or fraud. The first exception is approved in our cases cited herein, and for the second the court refers to the authorities cited by the Court of Appeals in McCluskey v. Steele, 18 Ala. App. 31, 88 So. 367.

But bringing the question more directly to such a suit as here attempted in count K, this court in Dent v. Balch, 213 Ala. 311, 104 So. 651, declared the law to be settled that if there is in existence before the perpetration of the alleged slander of title a valid and enforceable contract for the sale of the land in question, no recovery can be had for the breach of the contract occasioned by the slander. Relying on the cases cited to that effect in 37 Corpus Juris, 132, note 91, the same as cited in note 13, 17 R. C. L. 455.

The evident purpose of count K is to state a cause of action, either for the interference with a valid contract or for slander of title, without alleging coercion or fraud. The case of Dent v. Balch, supra, is clear to the effect that in slander of title injury for the breach of a contract by another who is not a party to the slander is not a proper item of damage. Whether it is so does not depend upon the form of action, but the nature of the claim. If the claim is recoverable, it would support an action dissociated from slander of title. The fact that it is not recoverable in a count which is otherwise good for slander of title is authoritative that it will not sustain an action based on such claim not associated with slander of title.

It is our understanding that the effect of our cases is to hold that no such claim of damages is recoverable in any form of action, unless it interferes with one's business, trade, or employment, or, as pointed out in Erswell v. Ford, supra, coercion or fraud is used. 5 R. C. L. 1101, § 49; McCluskey v. Steele, supra.

Count K does not include any such averment. It therefore states a cause of action in slander of title or nothing.

In Womack v. McDonald, supra, we reiterated the essentials of such an action. When we analyze count K in the light of the requirements there restated, we find that it (1) asserts ownership of the property in plaintiff, subject to a lease to Mills under which he had the rightful possession at the time of the alleged slander; it avers (2) that defendant falsely, and (3) maliciously, (4) published to a third person, Mills, a representation that defendant had the right to the immediate possession under a prior lease with plaintiff. The publication must be (5) in disparagement of plaintiff's title, and not simply the possessory right of another, the tenant,

which in no respect impugns plaintiff's right. This count asserts only that defendant's claim was said by him to be superior to that of Mills, plaintiff's tenant. His controversy was therefore with Mills, not plaintiff, as to the present right of enjoyment which plaintiff did not claim. It does not question plaintiff's ownership, nor any right which plaintiff then asserted to the property. Whereas in Womack v. McDonald, supra, defendant disputed plaintiff's general ownership and right to collect the rents from the tenants, and asserted not merely a claim to possession under plaintiff, superior to the tenants, as here. If there was a slander of title, it was that of Mills and not that of plaintiff which was involved.

However, appellee does not seek to sustain the ruling of the court, as we understand his brief, on the theory that the count is sufficient as one of slander of title. But we so treated it to show that it is not sufficient when considered as such, for if it were sufficient on any theory the demurrer was properly overruled.

We need not consider the sixth essential that special damage must be alleged to have been the proximate result; nor other questions argued by counsel.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.