On May 25, 1977, Top Music Company, the appellee, leased from W.R. McPherson and Big Daddy's Supper Club, for a period of three years, sufficient space to place certain coin-operated music, amusement, and cigarette machines in the main business portion of Big Daddy's in Mobile. As rent, Top Music was required to pay to the lessors fifty percent of the gross receipts from the machines. Top Music was granted the exclusive right, during the lease period to maintain such type machines on the premises. The lease was filed for record in the office of the Judge of Probate of Mobile County on June 13, 1977.
When the lease was made, Top Music loaned $1,100 to Big Daddy's Supper Club and later made two additional loans to Mr. McPherson. The loans were evidenced by notes. Payments were made on the loans at the rate of $25 per week, which sum was deducted from Big Daddy's share of the gross receipts of the machines placed in the club. Collections from the machines were made weekly by Top Music's agents, with the last collection being made on December 27, 1977. On that date the general manager of Top Music made collections from Big Daddy's for the purpose of ascertaining if Top Music's equipment was still in use. He testified that their machines had been disconnected and turned against the wall. *Page 1094 
Similar machines belonging to Sutton's Music Company were in their place and operating. Top Music's machines were identified by its name and telephone number upon decals placed on its machines.
Sutton Music Company and Mr. McPherson, on December 28, 1977, entered into an agreement whereby Sutton was granted exclusive rights to maintain coin-operated machines at the same locations previously leased to Top Music. Prior to installing its machines, Sutton did not inquire as to whether anyone had leased Big Daddy's for coin-operated machine purposes and neither were the probate records of Mobile County searched for any recorded lease.
Top Music had refused on several occasions to lend additional money to Mr. McPherson, but a loan was made to him by Sutton's majority stockholder upon or about the time of the execution of Sutton's lease.
Big Daddy's Supper Club ceased to do business on July 31, 1978, when it was evicted from the business building by its landlords.
Top Music brought suit against Big Daddy's, McPherson and Sutton Music. The complaint charged breach of contract against Big Daddy's and McPherson and sought liquidated damages including attorney fees as provided in the contract. Sutton was charged on two counts. The first charged the intentional interference by Sutton with the contractual relationship between Top Music and Big Daddy's. The second charged an intentional trespass by Sutton upon the premises leased by Top Music from Big Daddy's. In both counts the damages claimed were the liquidated damages plus attorney fees provided in the contract. The case proceeded to trial upon the causes of action stated in the complaint. The trial judge stated more than once during the trial that the issues with Sutton were interference with the contract and trespass. Judgment was entered generally against the defendants with damages set in the liquidated amount plus attorney fees. Only Sutton appealed.
Sutton first contends that the evidence failed to sustain an action in tort for the intentional interference by Sutton with the contractual relationship between Top Music and Big Daddy's. We agree. Sutton relies upon statements made in the opinion written by Justice Jones in the case of Homa-Goff Interiors,Inc. v. Cowden, 350 So.2d 1035, 1038 (Ala. 1977). There it was said as follows:
 The trial Judge is correct in stating that generally Alabama does not recognize a cause of action for the tortious interference with a contract. There are, however, two important exceptions to this rule which are set forth in Erswell v. Ford, 208 Ala. 101, 94 So. 67 (1922): The first involves employer-employee relationships; and the second occurs when a party to a lease has been induced, by fraud or coercion, to breach his contract.
There can be little question that the facts in this case do not come within the exceptions to the rule stated by the above. This is obviously not a case involving interference with a contract of employment between plaintiff and its employee. Neither is there any evidence that Sutton, through fraud or coercion, induced Big Daddy's to breach its contract with Top Music. In brief, Top Music has contended that the judgment is sustainable under the decisions in Alabama approving a cause of action in tort for the intentional interference by one of the business, trade or profession of another. We respond to that contention by repeating what we previously said above — the complaint of Top Music undisputedly charges breach of contract against Big Daddy's and McPherson and charges Sutton with inducing that breach by Big Daddy's through intentional interference in the contractual relationship. The case was tried throughout upon that theory. The court so stated and the damages proved and granted by the court were liquidated damages specified in the contract. As pointed out by the court in the case of Louisiana Oil Corporation v. Green, 230 Ala. 470, 473,161 So. 479 (1935), there is a distinct difference between the two causes of action. An appellate court reviews a case only upon the *Page 1095 
theory under which it was tried and judgment rendered. We hold that the evidence does not support a judgment for tortiously interfering with a contract. Griese-Traylor Corporation v.First National Bank of Birmingham, 572 F.2d 1039 (5th Cir. 1978); Volz v. Liberty Mutual Insurance Co., 498 F.2d 659 (5th Cir. 1974); Homa-Goff Interiors, Inc. v. Cowden, Supra.
We have said there was a charge in the complaint of trespass by Sutton upon the leased premises of Top Music. The basis for an action in trespass quare clausum fregit is the disturbance of possession. Ramos v. Fell, 272 Ala. 53, 128 So.2d 481
(1961). The evidence that the machines of Top Music were found to have been unplugged and turned to the wall and replaced by Sutton's machines, supplies the scintilla sufficient to support a judgment in trespass against Sutton. However, the damages awarded cannot stand.
We have said that the damages awarded were calculated upon the contract provision for liquidated damages in the event of a breach. The amount set in the judgment including attorney fees may be proper against defendants McPherson and Big Daddy's for a breach. However, such is not a measure of damages for trespass against Sutton. It is certain that an award for attorney's fee is not proper in an action for trespass, and Sutton was not a party to the agreement providing attorney fees. Section 6-5-217, Code of Alabama (1975) provides one limitation upon damages for a continuous trespass. The fact that Big Daddy's was evicted from the premises on July 31, 1978 is another. In any event, the judgment against Sutton must be set aside for error in the award of damages. The judgment as to defendant Sutton insofar as the damages is therefore reversed and the cause is remanded for further consideration not contrary to our decision.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.