COBB, Judge.
Appellees (Moulders) brought an action against appellants (Kirchoffs) for slander of title and seeking injunctive relief and damages for trespass to realty. The count alleging slander of title was preliminarily dismissed by the trial court. The Kirchoffs’ answer raised three affirmative defenses: prescriptive easement, implied easement, and statutory way of necessity under section 704.01, Florida Statutes. The Kir-choffs also filed a purported third-party action [1] against the prospective purchasers (Norton and Steel) of the realty who had executed a contract of sale with the Moulders. The Moulders moved for judgment on the pleadings and summary judgment, and the Kirchoffs responded by filing an affidavit in opposition to the motion for summary judgment.
Counsel for the Kirchoffs did not attend the hearing on these motions. The issue in regard to the claim of prescriptive easement by the Kirchoffs was whether or not adversity of use had been adequately pled. The Moulders asserted in their motion for judgment on the pleadings that the allegation of a prescriptive easement by the Kir-choffs showed that the use of the Moulders’ land occurred with permission of the owner, and failed to affirmatively show that such use was “hostile or adverse to the interest of plaintiffs or their predecessors in title.” The trial court entered an order granting a judgment on the pleadings in respect to the affirmative defense of prescriptive easement, and a partial summary judgment for the Moulders in respect to the Kirchoffs’ affirmative defenses of implied easement and statutory way of necessity.
No final judgment was entered pursuant to these orders prior to trial on the amount of damages. The defendants thereupon filed a “Motion for Reconsideration” of the order granting judgment on the pleadings as to Count I of the affirmative defenses-the claim by the Kirchoffs of a prescriptive easement. The motion for reconsideration was denied, and the case then proceeded to trial on the Moulders’ complaint and the answer of the Kirchoffs shorn of the affirmative defenses. The issues for trial were limited to a determination of trespass vel non upon the Moulders’ lands and, if appropriate, damages. Final judgment was *349 entered by the trial judge enjoining the defendants from coming onto the Moulders’ land and adjudicating damages against the Kirchoffs for the “continuing trespass” based on the trial court’s determination that “plaintiffs have sustained damages attributable to interest lost on the proceeds of a pending sale of the lands.. .. ” The court denied the Moulders’ claim for attorney’s fees. The trial judge also entered judgment against the Kirchoffs on their third-party action against Norton and Steel.
The Kirchoffs have appealed the judgment on the pleadings and the award of trespass damages. The Moulders have cross-appealed and have claimed that the trial court erred in computing the damages by failing to consider the full period of delay of the sale to Norton and Steel, by denying their claim for attorney’s fees, and by dismissing the count in the original complaint based on slander of title.
The first issue we will consider is whether or not the trial court erred by entering the order granting the motion for judgment on the pleadings as to the defendants’ affirmative defense of prescriptive easement. In this regard, we believe the trial court, possibly because of the unorthodox absence of the Kirchoffs’ counsel from the hearing,[2] failed to accord sufficient consideration to paragraph 18 of the answer which alleged that the Kirchoffs’ “use was inconsistent with full enjoyment and use of [the road] by Plaintiff [sic] and their predecessors in title.” This is more than an allegation of mere acquiescence, as contended by the Moulders, and the court erred in granting the motion and precluding the issue of prescriptive easement from the trial. See City of Daytona Beach v. Tona-Rama, Inc., 294 So.2d 73 (Fla.1974); Downing v. Bird, 100 So.2d 57 (Fla.1958); Guerard v. Roper, 385 So.2d 718 (Fla. 5th DCA 1980). The trial court apparently construed the Kirchoffs’ allegations in paragraphs 16 and 20 of their answer that the Moulders had acquiesced in the use of the roadway by the Kirchoffs and their predecessors as a self-defeating allegation of permissive use by the owners. The terms “acquiescence” and “permission” are not synonymous, and this distinction has been explicated by the Florida Supreme Court in the case of J. C. Vereen & Sons, Inc. v. Houser, 123 Fla. 641, 167 So. 45 (1938).
The Kirchoffs have also argued that the trial court erred by refusing to allow them to amend their pleadings during trial in regard to the issue of prescriptive easement. In view of our holding in regard to the first point, this issue is moot.
Since the judgment must be vacated, except insofar as it relates to the dismissal of the third-party action against Norton and Steel, and this cause remanded for further proceedings, the issue raised by the Kirchoffs relating to the trial court’s computation of damages is also moot. However, we believe that we should observe, for the benefit of the trial court in conducting further pretrial and trial proceedings in this cause, that we concur with the Kirchoffs’ argument that generally the proper measure of damages in an action for trespass to realty is the difference in value of the property trespassed upon before and after the trespass is committed. National Rating Bureau, Inc. v. Florida Power Corp., 94 So.2d 809 (Fla.1957); Gasque v. Ball, 65 Fla. 383, 62 So. 215 (1913); Nilsson v. Hiscox, 158 So.2d 799 (Fla. 1st DCA 1964); Mid-State Investment Corp. v. O’Steen, 133 So.2d 455 (Fla. 1st DCA 1961).[3] Evidence relative to this measure of damages was not introduced at the trial of this cause.
The Moulders’ cross-appeal is patently without merit in regard to the proper elements of damage for trespass and their claim for attorney’s fees. The damage evidence utilized by the trial court, based on the sale contract between the Moulders and *350 the prospective purchasers, might be appropriate in a properly pleaded action for slander of title or intentional interference with a contractual relation,[4] but not for this trespass. In this regard, the Moulders also contend that the trial court erred in dismissing Count II of their second amended complaint in which they sought to allege a cause of action for slander of title against the Kirchoffs. Basically, this count alleged that the Moulders entered into a contract on October 4, 1978, to sell their lands to Norton and Steel; that on November 2, 1978, William E. Kirchoff told Norton and Steel that the lands were subject to an enforceable easement owned by his father, W. E. Kirchoff, Jr.; that if the Moulders or Norton and Steel attempted to interfere with said easement legal action would be initiated; and that William E. Kirchoff knew the asserted easement was without foundation in law or fact. It is alleged that the result of this statement was the refusal of Norton and Steel to purchase the Moulders’ property pursuant to their written contract to do so. The count seeks abstract costs, attorney fees and punitive damages.
The trial court apparently dismissed the slander of title count because the alleged slander occurred after the Moulders had entered into the contract of sale, rather than before,[5] and because it was not alleged that the Moulders had liquidated their cause of action against the defaulting purchasers, Norton and Steel. The applicable rule is set forth in 50 Am.Jur.2d Libel and Slander, § 546 (1970):
Where words which are slanderous of the title to property are uttered or published after a sale thereof has been .. . agreed upon and contracted for, so as to give the plaintiff a contract capable of being enforced, he does not suffer any actionable damages from their utterance although the purchaser was thereby deterred from performing his contract or induced to violate it, since the seller may obtain relief by suing the purchaser.
We agree with the trial court’s application of this rule to the Moulders’ second amended complaint in regard to the attempted allegation of slander of title. No issue is raised by this appeal in regard to the allegation of a cause of action predicated upon intentional interference with a contractual relation.
Accordingly, the final judgment is reversed, except for its dismissal of the third-party action against the third-party defendants, Norton and Steel, and this cause remanded for further proceedings before the trial court consistent with this opinion.
SHARP and COWART, JJ., concur.

. This was actually a misnomered motion to add parties plaintiff as provided by Rule 1.210, Fla.R.C.P.

. Defense counsel’s office called the judge and advised him that Mr. Logan would not be at the hearing and to proceed without him.

. We recognize the exceptions to this general rule set forth in the cases of Anchorage Yacht Haven, Inc. v. Robertson, 264 So.2d 57 (Fla. 4th DCA 1972); and Elowsky v. Gulf Power Co., 172 So.2d 643 (Fla. 1st DCA 1965).

. See 32 Fla.Jur. Torts § 12 (1960).

. The trial court relied on two Alabama Cases: Louisiana Gas and Oil Corp. v. Green, 230 Ala. 470, 161 So. 479 (1935) and Dent v. Balch, 213 Ala. 311, 104 So. 651 (1925).