Bernard White filed these actions for damages for wrongful interference with the performance of a contract for construction of a fire protection water system for his real and personal property. The trial court granted summary judgments for defendants. *Page 1209 
Bernard White is the owner of certain real estate in the community of Perdido, Alabama, which he leased to the Perdido Volunteer Fire Department on a year to year basis, prior to the actions which gave rise to the lawsuits below. From the amended complaint and the affidavits of James C. Eddins it appears that some members of the Perdido Volunteer Fire Department, including Everett White and Steve White, defendants, verbally assured Bernard White that should his house and family be threatened by fire, they would not intervene and would not allow the Perdido Volunteer Fire Department to come to his aid.
In 1979, Perdido Vineyards, Inc., contracted with the Perdido Volunteer Fire Department, which was on the north side of Baldwin County Road Number 47 across from Perdido Vineyards, for a temporary water supply from the fire department's well. Perdido Vineyards installed a water main extending from the well to the north right of way, where a fire plug was installed, and then south under the highway to Perdido Vineyards' property. Perdido Vineyards paid for this installation and used water from the fire department until water from its own well became potable.
After the alleged threats by the defendants to "watch Bernard White's house burn," Bernard White and Perdido Vineyards entered into an agreement whereby Bernard White would be provided water from the vineyard's water supply. Bernard White was to connect a line to the water main previously installed by Perdido Vineyards at a point on the county right of way between the fire department's leased property and the north edge of the highway. The line was to run along the right of way to Bernard White's personal residence, adjoining the fire department property.
Bernard White had James C. Eddins, the president of Perdido Vineyards and a registered engineer, prepare plans for this line from the vineyard's water main to his house. White obtained a permit from the Baldwin County Highway Department to construct the line. He then contracted with John Barac, doing business as Barac Construction, to install his fire protection system under the direction of Eddins. When Barac and Eddins began the work on July 8, 1981, Everett White and Steve White, according to Eddin's affidavit, "rushed to the construction site and began to threaten and interfere with the contractor, Mr. John Barac, and the engineer, James C. Eddins, in the peaceful conduct of their business," whereupon Barac and Eddins stopped the project.
Appellant White argues the case on a theory of tortious interference with performance of a contract, citing AlcazarAmusement Co. v. Mudd Colley Amusement Co., 204 Ala. 509,86 So. 209 (1920). Cf. Louisiana Oil Corp. v. Green, 230 Ala. 470,161 So. 479 (1935); Volz v. Liberty Mutual Ins. Co., Inc.,498 F.2d 659 (5th Cir. 1974).
Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56 (c), A.R.Civ.P. If there is a scintilla of evidence supporting the nonmoving party, summary judgment will not lie.Fulton v. Advertiser Co., 388 So.2d 533 (Ala. 1980), cert. denied, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981);Folmar v. Montgomery Fair Company, Inc., 293 Ala. 686,309 So.2d 818 (1975).
Bernard White has produced at least a scintilla of evidence to support his claim for tortious interference with a contract. In Louisiana Oil Corporation v. Green, supra, it was held that no claim of damages for "caus[ing] another to violate his contract" is recoverable "unless it interferes with one's business, trade or employment, or as pointed out in Erswell v.Ford, [208 Ala. 101, 94 So. 67 (1922)], coercion or fraud is used." Id., 230 Ala. at 473, 161 So. 479. Bernard White has produced evidence, in Eddin's affidavit, that the defendants coerced Barac and Eddins not to perform their contracts with White to construct the water main and supply him with water. *Page 1210 
Because the complaint and affidavit raise a genuine issue of material fact and the defendants were not entitled to judgment as a matter of law, summary judgment should not have been granted. The judgment is therefore due to be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.