**J. E. LESLIE et al.**

v.

**WESTERN STEEL COMPANY et al.**

**Civ. A. No. 1752.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Feb. 21, 1962.

Motion for summary judgment against plaintiffs on second cause of action sustained.

Lloyd, Lloyd & Dean, Alice, Tex., and Gus L. Kowalski, Kingsville, Tex., for plaintiffs.

Fischer, Wood, Burney & Nesbitt, Frank Nesbitt, and Keys, Russell, Keys & Watson, Corpus Christi, Tex., for defendant Western Steel Co.

GARZA, District Judge.

There is pending in the above entitled and numbered cause the Motion of Defendant Western Steel Company to dismiss Plaintiffs' second cause of action asserted in their fourth amended original petition, and in the alternative, its Motion for Summary Judgment in its favor as to said second cause of action.

Plaintiffs' second cause of action, in their fourth amended original petition, seeks damages, both actual and exemplary, against the Defendant Western Steel Company and other defendants for slander of title to certain properties located in Kleberg and Bandera Counties, Texas.

The properties involved and which are in dispute, were properties that the Plaintiffs allege were the separate property of their mother, Frieda H. Leslie, who died, intestate, on or about May 19, 1953, and who left surviving her her children, J. E. Leslie and Jo Ann Leslie

Bareis, the Plaintiffs, and C. E. Leslie, her husband. C. E. Leslie died on January 15, 1959.

On November 12, 1955, in the District Court of Karnes County, Texas., 81st Judicial District, Western Steel Company obtained a judgment against C. E. Leslie, the father of the Plaintiffs and husband of Frieda H. Leslie, and proceeded to file an abstract of judgment in both Kleberg and Bandera Counties, Texas. The record is clear that the judgment abstracted applied only to C. E. Leslie and could not affect the interest of anyone else in any property other than the interest of C. E. Leslie.

There is no question that C. E. Leslie inherited a life estate in one-third of the real property left by Frieda H. Leslie, his wife, at the time she died intestate, and that up to the time C. E. Leslie died he had an interest in the separate property of his wife, consisting of a life estate in one-third of her real property.

There is no evidence that Western Steel Company took any action to assert any claim on the properties that Plaintiffs claim have been slandered, other than the recording of the abstract of judgment against C. E. Leslie.

■■ The holder of a judgment has an inherent right to have his judgment abstracted and recorded, and there is no duty on the holder of such judgment to issue any releases to parties owning land who are not mentioned in said abstract of judgment. There is no evidence in the record to show that Western Steel Company has been asked to release any claim on the properties of the Plaintiffs; and even if they had been asked to execute such release, Western Steel Company would not be under any duty to do so.

It is true that in its amended answer to Plaintiffs' original suit, Western Steel Company has filed a cross-action to Plaintiffs' fourth amended original petition, in which they are claiming that part of the properties in question are subject to its judgment against C. E. Leslie.

■ Claims asserted in any judicial pleading cannot be made the basis of a civil action in damages for slander of title. Reagan v. Guardian Life Insurance Company, 140 Tex. 105, 166 S.W.2d 909.

■ Plaintiffs allege that C. E. Leslie had a homestead right in one of the tracts of land involved. If he had a homestead right, he also had a life estate in one-third of said tract of land. A homestead right is one that can be abandoned and therefore cannot merge with a life estate.

On the pleadings and the record before it, the Court must reach the conclusion that the only basis for maintaining a slander of title suit that the Plaintiffs can possibly rely on against the Defendant Western Steel Company, is the filing of their abstract of judgment against C. E. Leslie.

Certainly Western Steel, as long as C. E. Leslie lived, could rely on its abstract of judgment against him to keep him from alienating his one-third life estate in the separate property of his wife which he inherited at the time of her death.

■ It is well-settled law in Texas that in order for a plaintiff to recover in actions for defamation or slander of title, he must allege and prove (1) the uttering and publishing of the slanderous words, (2) that they were false, (3) that they were malicious, (4) that he sustained special damages thereby, and (5) that the person suing possessed an estate or interest in the property slandered. Stovall v. Texas Co., Tex.Civ.App., 262 S.W. 152 (Writ Refused), and the cases cited in 27 Tex.Jur. 789.

■ The Plaintiffs cannot maintain that the abstract of judgment against C. E. Leslie was false; and since this is the only basis on which they can maintain a slander of title suit, their cause of action must fail.

From the record before the Court, Plaintiffs cannot prove any special damages; and this being necessary in a slander of title suit, this fact would also render their cause of action ineffective.

Since C. E. Leslie is now dead and the properties involved in this lawsuit and which were the separate properties of Frieda H. Leslie, now belong in whole to the Plaintiffs, J. E. Leslie and Jo Ann Leslie Bareis, the Court at this time could easily find that the abstract of judgment against C. E. Leslie would in no way encumber the title of the Plaintiffs to the properties involved; but in view of the cross-action filed by the Defendant Western Steel Company, the Court cannot do this at this time, but must leave the question for determination on a trial on the merits of the cross-action.

Motion for Summary Judgment against the Plaintiffs on their second cause of action, in behalf of Western Steel Company, is hereby sustained.

Clerk will notify counsel to submit appropriate order in accordance with this memorandum opinion.