**ASSOCIATES INVESTMENT COMPANY,**
Appellant,

v.

**R. H. TYLER, Appellee.**

No. 14252.

Court of Civil Appeals of Texas.

San Antonio.

April 22, 1964.

Brock, Wright, Waters & Galey, Lubbock, for appellant.

Oliver & Oliver, San Antonio, for appellee.

BARROW, Justice.

Associates Investment Company, a private Texas Corporation, appeals from an order of a district court of Bexar County overruling its plea of privilege to be sued in Dallas County where its principal place of business is situated. R. H. Tyler averred in his controverting plea, that venue is maintainable in Bexar County under Subd. 23 of Art. 1995, ·Vernon's Ann.Civ.Stats. After a non-jury hearing, the plea was overruled and Associates perfected this appeal.

On December 11, 1962, Associates filed suit in Dallas County against Tyler for the unpaid balance of $177,446.00, allegedly due on three promissory notes executed by Tyler on December 15, 1958, to Equipment Service Company and subsequently assigned to Associates. Associates also sought foreclosure of chattel mortgage liens given as security for these notes, which liens were of record in Pecos County, Texas. Tyler's plea of privilege to move this suit to Bexar County, where he had resided since 1961, was not controverted by Associates, and on January 4, 1963, the cause was so transferred. On April 8, 1963, Tyler filed a cross-action against Associates, and Associates duly filed this plea of privilege.

The sole question presented by this appeal is whether the cause of action, or part thereof, arose in Bexar County within the provisions of Subd. 23 of the venue statute. A party may sustain venue under this exception if some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, occurred in the county where the suit is brought. Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674; · Lambert Corporation v. Martin, Tex.Civ.App., 369 S.W.2d 703; Permian Basin Life Ins. Co. v. Stuart, Tex. Civ.App., 357 S.W.2d 615.

Tyler asserted in his amended cross-action, that the three notes and a deed of trust on land owned by him in Pecos County, given as security therefor, were forgeries and void, and that although Associates knew that said notes and purported deed of trust on his land were forgeries and void, it maliciously, willfully and unlawfully refused to release same and thereby slandered the title to Tyler's land, to his damage in the sum of $388,355.00. It was further alleged that the libel to the title of Tyler's land by the claim of Associates that it owned liens against this land, destroyed the credit of Tyler and caused loss of his farming business, to his damage in the sum of $100,000.- 00. Tyler further alleged that his credit and reputation in Bexar County were damaged by the continued assertion by Associates of Tyler's indebtedness on these forged and void notes.

It is settled in this State that .in order for a party to recover in an action for defamation or slander of title, he must allege and prove: (1) the uttering and publishing of the slanderous words; (2) that they were false; (3) that they were malicious; (4) that he sustained special damages thereby; and, (5) that the person suing possessed an estate or interest in the property slandered. Humble Oil & Refining Co. v. Luckel, Tex.Civ.App., 171 S.W.2d 902; Stovall v. Texas Co., Tex.Civ.App., 262 S.W. 152, writ ref. 114 Tex. 582, 278 S.W. 1115; Leslie v. Western Steel Co., D.C., 202 F.Supp. 27. The claim for slander of his credit reputation is an element of damage in his slander of title. Ward v. Gee, Tex.Civ.App., 61 S.W.2d 555.

Tyler testified that he signed the three promissory notes and chattel mortgages in blank in Reeves County, with the

express intention of lending his credit to the extent of only $50,000 to Equipment Service Company, a corporation owned by Billie Sol Estes. Estes betrayed his confidence and filled in the blank notes so that total liability thereon was $388,355.00. In addition to chattel mortgages on allegedly non-existent irrigation equipment, one of the three notes was secured by a deed of trust on farm land in Pecos County owned by Tyler. The chattel mortgage liens and the deed of trust were all promptly recorded in Pecos County. In February, 1959, Tyler learned of the amounts of the notes when his banker in Pecos County advised Tyler that, because of these notes, the bank could no longer extend credit to him. Tyler contacted Estes and, in reliance upon Estes' promise to discharge the notes during 1959, he did not complain to Associates, although Tyler knew that the notes had been previously transferred to Associates by Equipment Service Company. On May 31, 1960, Tyler conveyed his entire interest in the Pecos County land to a third party.

Tyler moved to Bexar County in 1961, and asserts that because these notes and liens, which are recorded in Pecos County, have damaged his credit reputation in Bexar County, a part of the cause of action arose in Bexar County. A similar proposition was rejected by the Supreme Court in Stone Fort Nat. Bank v. Forbess, supra. Forbess had an account with the Stone Fort National Bank of Nacogdoches, Texas, but this bank refused to pay a check which Forbess had given in Randall County. Under banking law this check was payable by the bank at its place of business in Nacogdoches County. The Supreme Court held that since all the transactions with which the bank had any connection had occurred in Nacogdoches County, venue could not be maintained in Randall County, although Forbess lived there and his credit there had been damaged.

Since no part of the transaction, either creating the primary right or relating to the breach of that right, occurred in Bexar County, the trial court erred in overruling Associates' plea of privilege. The judgment of the trial court is therefore reversed and the cause remanded with instructions to transfer Tyler's cross-action to the District Court of Dallas County, Texas.