[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#113)
Before the court is the defendants' motion to strike paragraph 46 of count one and either count two or counts three and four of the plaintiffs' second revised and amended complaint. For the following reasons, the defendants' motion is granted.
 I FACTS
This case involves a boundary dispute between neighbors. The plaintiffs in this action, Jill B. Peterken and William H. Peterken, reside at 163 Hidden Lake Road in Higganum, Connecticut. On January 22, 1999, two of the defendants, Gabriela Conroy and Timothy C. Conroy, Jr., purchased real property at 185 Hidden Lake Road, which abuts the plaintiffs' property. The plaintiffs allege that, at the time of purchase, the defendants were aware of the actual boundary between the plaintiffs' and defendants' properties.[1] Despite this knowledge, the plaintiffs allege, the defendants brought a quiet title action, in which they falsely claimed approximately 14.6 acres of the plaintiffs' property as their own. See Conroy v. Peterken, Superior Court, judicial district of Middlesex, Docket No. CV-99-0089658.[2] Following a bench trial, the CT Page 9522 plaintiffs allege, the court, Parker, J, rendered judgment in favor of the plaintiffs on September 18, 2001. Subsequently, the defendants recorded an electric distribution easement, in which the plaintiffs allege that the defendants falsely claimed, once again, that the disputed acreage belonged to them, and not to the plaintiffs. As a result of the defendants' actions, the plaintiffs claim to have suffered damages, including, inter alia, emotional distress damages.
The plaintiffs filed this action on December 3, 2001. The four-count second revised and amended complaint alleges slander of title (count one), common law vexatious suit (count two), and statutory vexatious suit (counts three and four). The defendants now move to strike paragraph 46 of count one on the ground that there is no recovery for emotional distress in a slander of title action.[3] They also move to strike either count two or counts three and four on the ground that the statutory and common law causes of action for vexatious suit are improperly joined. The plaintiffs have conceded that the common law and statutory causes of action for vexations suit are improperly joined, but argue that the court should strike the common law count rather than the statutory counts. In response to the motion to strike paragraph 46 of count one, the plaintiffs argue that because the slander of title statute provides that a plaintiff may recover "all damages," the legislature intended to include damages for emotional distress as recoverable damages in a slander of title action. The court heard oral argument at short calendar on May 20, 2002.
 II STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Vacco v. MicrosoftCorp., 260 Conn. 59, 65, 753 A.2d 927 (2002). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citation omitted; internal quotation marks omitted.) Gazo v.CT Page 9523Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). In reviewing a motion to strike, the court is limited to the grounds set forth in the motion. See Blancato v. Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235 (1987).
 III DISCUSSION A Slander of Title
The defendants move to strike paragraph 46 of count one on the ground that damages for emotional distress are not recoverable in an action for slander of title. This presents an issue of first impression in Connecticut. As a preliminary matter, the court notes that the defendants' motion to strike an individual paragraph, which does not set forth all of the essential allegations of a cause of action or defense, is defective. "Only an entire count of a counterclaim or an entire special defense can be subject to a motion to strike, unless the individual paragraph embodies an entire cause of action or defense." (Internal quotation marks omitted.) Pinho v. Daly, Superior Court, judicial district of New Britain, Docket No. CV 00 0500895 (May 3, 2001,Shapiro, J.); see also Smith v. Trinity College, Superior Court, judicial district of Hartford, Docket No. CV 00 0595514 (September 8, 2000,Fineberg, J.) (denying motion to strike single sentence claiming emotional distress damages.) Paragraph 46 does not embody an entire cause of action. The plaintiffs, however, have not objected to the motion to strike on this ground. The defect in the motion, therefore, is waived, and the court will consider the merits of the motion. See Pinho v. Daly, supra, Superior Court, Docket No. CV 00 0500895.
General Statutes § 47-33j provides: "No person may use the privilege of recording notices under sections 47-33f and 47-33g for the purpose of slandering the title to land. In any action brought for the purpose of quieting title to land, if the court finds that any person has recorded a claim for that purpose only, the court shall award the plaintiff all the costs of the action. including such attorneys' fees as the court may allow to the plaintiff, and in addition, shall decree that the defendant asserting the claim shall pay to the plaintiff all damages
the plaintiff may have sustained as the result of such notice of claim having been so recorded." (Emphasis added.) The plaintiffs argue that the phrase "all damages" clearly and unambiguously includes damages for emotional distress. The court disagrees.[4]
"[S]tatutory interpretation is a question of law." (Internal quotation CT Page 9524 marks omitted.) Collins v. Colonial Penn Ins. Co., 257 Conn. 718, 728,778 A.2d 899 (2001). "When we construe a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . Furthermore. [w]e presume that laws are enacted in view of existing relevant statutes . . . because the legislature is presumed to have created a consistent body of law." (Internal quotation marks omitted.) Id. 728-29.
"We construe each sentence, clause or phrase to have a purpose behind it. . . . In addition, we presume that the legislature intends sensible results from the statutes it enacts. . . . Therefore, we read each statute in a manner that will not thwart its intended purpose or lead to absurd results. . . ." (Citations omitted; internal quotation marks omitted.) Collins v. Colonial Penn Ins. Co., supra. 257 Conn. 728-29. "Words in a statute must be given their plain and ordinary meaning . . . unless the context indicates that a different meaning was intended. . . . No word or phrase in a statute is to be rendered mere surplusage. . . . In applying those principles, we keep in mind that the legislature is presumed to have intended a reasonable, just and constitutional result." (Citations omitted; internal quotation marks omitted.) Gelinas v. WestHartford, 65 Conn. App. 265, 276, 782 A.2d 769, cert. denied,258 Conn. 926, 783 A.2d 1028 (2001).
Section 47-33j was enacted in 1967 as part of the Marketable Title Act, §§ 47-33b et. seq. The Model Marketable Title Act does not, however, contain a provision regarding slander of title. Therefore, caselaw interpreting the model act is irrelevant. Furthermore, the legislative history of § 47-33j does not indicate whether the phrase "all damages" includes damages for emotional distress. Prior to the 1967 enactment of the statutory cause of action, however, slander of title was available as a cause of action at common law. It must be presumed that the legislature was aware of the common law rule at the time of the enactment of § 47-33j. See Alvarez v. New Haven Register, Inc.,249 Conn. 709, 722, 735 A.2d 306 (1999); White v. Burns, 213 Conn. 307,322-23, 567 A.2d 1195 (1990). Therefore, the court must examine the common law rule for recovery of damages in an action for slander of title.
At common law, "[a] cause of action for slander of title consists of the uttering or publication of a false statement derogatory to the plaintiffs title, with malice, causing special damages as a result of diminished value of the plaintiffs property in the eyes of third CT Page 9525 parties. The publication must be false, and the plaintiff must have an estate or interest in the property slandered. Pecuniary damages must be shown in order to prevail on such a claim." (Internal quotation marks omitted.) Elm Street Builders, Inc. v. Enterprise Park CondominiumAssociation, 63 Conn. App. 657, 670, 778 A.2d 237 (2001), quoting from 50 Am.Jur.2d, Libel and Slander § 554 (1995); see generally D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 167.
As already noted, no Connecticut court has addressed the issue of whether Connecticut follows the rule that damages for emotional distress are not recoverable in an action for slander of title. The Restatement, however, has answered this question in the negative.[5] The same rules on liability that apply to the publication of an injurious falsehood also apply to slander of title. See 3 Restatement (Second), Torts § 624, pp. 342-343 (1977). Liability for the publication of an injurious falsehood is limited to pecuniary loss. Id., § 633, p. 355. "[E]motional distress and resulting harm may not in an action for injurious falsehood be taken into account as an element of damage that the jury may consider in determining the amount recoverable, even when there is such pecuniary loss as to make the publication of the injurious matter actionable." Id., § 633, comment j.
The plaintiffs have cited no authority authorizing recovery of damages for emotional distress in a slander of title action, nor has the court found such authority. Indeed, "[i]t is a well established principle, supported explicitly or implicitly by all of the cases in this annotation, that the injured party can recover only for pecuniary loss resulting from the disparaging words or material, that is, recovery is limited to harm to those interests having pecuniary value. Thus, as a corollary to this principle it is also well established that mental distress or anguish is not within the range of special damages proximately resulting from a slander of title action, a principle supported by some and disputed by none, of the cases in this annotation." 4 A.L.R.4th 532 (1981) and cases cited therein; see also W. Prosser W. Keeton, Torts (5th Ed. 1984) § 128 ("[S]uch personal elements of damage as mental distress have been strictly excluded from claims [for slander of title].") Finally, the out of state caselaw cited by the defendants in support of their motion to strike follows the general rule precluding recovery for emotional distress in slander of title actions. See, e.g., Rite Aid Corporation v. Lake Shore Investors, 298 Md. 611,471 A.2d 735, 742 (1984); Ward v. Gee, 61 S.W.2d 555-56 (Tex.Civ.App. 1933); Ebersole v. Fields, 181 Ala. 421, 62 So. 73, 75 (1913, writ of error dismissed).
The. common law rule, therefore, is clear. The only remaining question CT Page 9526 is whether the legislature, by using the phrase "all damages" in §47-33j, intended to modify the common law rule prohibiting recovery for emotional distress damages in actions for slander of title. "In determining whether a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope." (Internal quotation marks omitted.) Cunha v. Colon, 260 Conn. 15,20, 792 A.2d 832 (2002). The mere use of the phrase "all damages" is insufficient to satisfy this stringent standard. Therefore, the court concludes that there can be no recovery for emotional distress damages under General Statutes § 47-33j. Consequently, the defendants' motion to strike paragraph 46 of count one is granted.
 B Vexatious Suit
The defendants also move to strike either counts three and four or count two on the ground that the claims for statutory and common law vexatious suit are improperly joined because the former allow a judgment for multiple damages while the latter only allows compensatory and punitive damages. The plaintiffs concede that these counts are improperly joined. They maintain, however, that General Statutes § 52-568 has abrogated the common law cause of action for vexatious suit and argue that the court must therefore strike the common law claim alleged in count two. There is no indication in § 52-568, however, that the legislature intended to abrogate the common law cause of action for vexatious suit. It would be particularly inappropriate for the court make such an assumption since the statutory and common law causes of action provide for different forms of relief. The plaintiffs effectively ask the court to elect their remedy for them. This the court declines to do the plaintiffs must make this election for themselves, when repleading. Therefore, the defendants' motion to strike counts two, three and four is granted.
 IV CONCLUSION
For the foregoing reasons, the court grants defendants' motion to strike counts two, three and four and paragraph 46 of count one. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO CT Page 9527 JUDGE OF THE SUPERIOR COURT